## 28436. BOOKER v. THE STATE.

NICHOLS, Justice. This appeal arises from the conviction of the defendant on two counts of a three-count indictment charging him with armed robbery. There was evidence adduced that the defendant and two others entered a place of business (Handy Andy No. 35) and while the defendant held a shotgun and robbed a store employee, his companions robbed an employee of a bakery who was in the store at that time.

The indictment on which the defendant was tried contained three counts. In addition to the two counts on which he was convicted it contained an additional count which charged the defendant with another armed robbery approximately one week later. A motion to sever was overruled. When the jury was unable to agree upon a verdict as to Count 3, this count of the indictment was removed from the jury's consideration and nol prossed by the district attorney.

When the defendant was called to the stand the court instructed him in the presence of the jury, as to his right to be sworn or to make an unsworn statement, after which he made an unsworn statement. During the trial witnesses were asked about having identified the defendant's picture from a group of pictures shown them after the armed robberies. *Held:*

1. In *Stull v. State,* 230 Ga. 99 (5) (196 SE2d 7), a full-bench decision, it was held that the trial court has a discretion as to whether a single defendant may be tried in a single trial for more than one crime. In *Wingfield v. State,* 231 Ga. 92, 104 (200 SE2d 708) with two Justices dissenting, it was held that a motion to quash could not be used as a vehicle to have determined if the trial court erred in permitting three counts of an indictment to be tried jointly by a single jury, and that it is not error in every case to submit separate counts of an indictment to a single jury. Each case must be determined on its own facts and even if the several alleged crimes arise out of one transaction they may be tried separately or jointly in the interest of justice. Code Ann. § 26-506.

Yet, where the separate crimes did not arise out of the same conduct, did not involve the same victims or witnesses and the evidence of one would not be admissible on the trial of the other, the judgment of the trial court overruling the motion to sever was error as constituting an abuse of discretion.

2. Where as in this case the evidence disclosed that the defendant and his accomplices entered a place of business armed with a shotgun and while the defendant was holding the gun on one person his accomplices demanded and received money from another person the evidence authorizes the conviction of the defendant for both crimes.

3. Under decisions exemplified by *Tanner v. State,* 228 Ga. 829, 832 (188 SE2d 512), and *Creamer v. State,* 229 Ga. 704 (194 SE2d 73), and cits., the trial court did not err in admitting evidence of the defendant's identification by witnesses from photographs which had been shown them prior to the defendant's arrest.

4. Inasmuch as a new trial must be granted the defendant because of the refusal of the trial court to grant the motion to sever, it is unnecessary to determine if the trial court in this case committed reversible error in instructing the defendant in the presence of the jury as to his right to make an unsworn statement or be sworn and be subjected to cross examination although no objection to such procedure was made prior to verdict. See however, *Wynn v. State*, 230 Ga. 202 (196 SE2d 401).

*Judgment reversed. All the Justices concur.*

SUBMITTED NOVEMBER 16, 1973 — DECIDED JANUARY 7, 1974 — REHEARING DENIED JANUARY 28, 1974.

*Jones, Cork, Miller & Benton, T. K. Adams,* for appellant.

*Fred M. Hasty, District Attorney, Walker P. Johnson, W. Louis Sands, Stephen Pace, Arthur K. Bolton, Attorney General, William F. Bartee, Jr., Assistant Attorney General, Stephen Parker, John B. Ballard, Jr., Deputy Assistant Attorneys General,* for appellee.