## 48848. BURDEN v. THE STATE.

CLARK, Judge.

A single indictment in three counts was returned against appellant Burden and one Lucious Johnson. Burden was named only in the first count which was a joint accusation charging both indictees with having committed a crime with intent to rob Mrs. M. B. Stevens on August 1, 1973. The second count accused only the co-defendant Johnson with the offense of carrying a concealed weapon on that same date. The third count also was limited to Johnson alone and involved a different date and a different crime in that Johnson was accused of burglary on June 14, 1973, involving a felonious entry into the storehouse of Mr. and Mrs. W. C. Craft.

Appellant filed a motion for severance based upon the third count in which he was not named having "occurred at another time and place separate from the

transaction from which Count 1 arose." (R. 11). Additionally, he averred in his motion "That it is the understanding of this defendant that the defendant Lucious Johnson is relying on the defense of alibi as to Count 3 and that in so doing shall introduce evidence which would deprive this defendant of a valuable right in this case, to wit: the right to open and close." He also averred "that it is the understanding of this defendant that he shall be called as a witness for the State in the prosecution of Count 3." The co-defendant did not seek a severance. The trial court denied Burden's motion for severance.

The trial resulted in a conviction of appellant as to Count 1 and a finding of guilty as to the co-defendant on all three counts. Both were given sentences in accordance with the verdicts. The instant appeal involves Burden alone.

Our consideration is limited to that enumeration of error dealing with the denial of Burden's severance motion.

In *Booker v. State,* 231 Ga. 598, 599 (203 SE2d 194) the Supreme Court was called upon to decide whether the trial court had acted correctly on a severance motion under Code Ann. § 26-506 which deals with multiple prosecutions against a single accused. The court ruled that "where the separate crimes did not arise out of the same conduct, did not involve the same victims or witnesses and the evidence of one would not be admissible on the trial of the other, the judgment of the trial court overruling the motion to sever was error as constituting an abuse of discretion."

In the case sub judice we have a factual situation similar to that in *Booker.* The sole difference is that the severance motion here comes under Code Ann. § 27-2101 which deals with the manner for the conduct of trials when two or more defendants are jointly indicted. Prior to 1971 Georgia had since the Act of 1878 (page 59) expressly given joint indictees the right to a separate trial "if they or either of them elect so to sever." The 1971 General Assembly struck the old law in its entirety and enacted a substituted Code § 27-2101 (Ga. L. 1971, p. 891). This recent statute terminated the prior absolute right of severance granted joint defendants. In lieu thereof the

enactment provided that in the instance of two or more defendants jointly indicted for a felony less than capital, or for a misdemeanor, that "defendants may be tried jointly or separately in the discretion of the trial court."

Since the Supreme Court ruled in the *Booker* case that it was error "constituting an abuse of discretion" to refuse to grant a severance as to a single defendant "where the separate crimes did not arise out of the same conduct, did not involve the same victims or witnesses and the evidence of one would not be admissible on the trial of the other" we are required to apply this same rule under Code Ann. § 27-2101.

Accordingly, we hold the trial court erred here in denying Burden's motion to sever where the third count of the single indictment as against the co-defendant alone involved a different crime and another victim than that contained in the first count.

As this error requires a new trial limited to appellant on Count 1 of the indictment it is not necessary for us to deal with the remaining enumerations of error.

*Judgment reversed. Bell, C. J., and Quillian, J., concur.*

ARGUED JANUARY 7, 1974 — DECIDED APRIL 2, 1974.

*James C. Bonner, Jr.,* for appellant.
*Eldridge W. Fleming, District Attorney,* for appellee.