## 51874. DEUSER v. THE STATE.

STOLZ, Judge.

The defendant appeals from his conviction of violation of the Georgia Controlled Substances Act (possession with intent to distribute cocaine).

1. The trial judge did not abuse his discretion, in the pre-trial motion to suppress, in disallowing cross

examination of a police officer as to when his informant (an informer) had said he was in the appellant's apartment, which cross examination was for the stated purpose of attacking the officer's credibility and the informer's reliability. Although it was testified that there had been others besides the informer in the apartment at that time, the revealing of the specific date nevertheless would have tended to put in jeopardy his confidentiality, which the judge in his discretion could protect. See *Taylor v. State,* 136 Ga. App. 31 (2) (220 SE2d 49) and cits. 276 pages of recorded transcript reveal that the only limitation placed upon cross examination in the hearing to determine the validity of the search warrant was in the area of threatened disclosure of the informer's identity. Enumerated error 1 is without merit.

2. The trial judge did not abuse the discretion given him under Code Ann. § 27-2101 in refusing to grant a severance as to the appellant where the co-defendants were jointly indicted for the same crime, which involved the same witnesses, the evidence of each of which would be admissible on the trial of the others. See *Burden v. State,* 131 Ga. App. 522 (206 SE2d 533); *Woodruff v. State,* 233 Ga. 840 (2) (213 SE2d 689). That one of the co-defendants was granted a severance, did not require that the appellant be accorded the same privilege. Nor was it a ground for severance that the appellant had available in a joint trial a lesser number of strikes, since that result was in accordance with the provisions of the statute, which also provides for up to five additional strikes per co-defendant upon request and within the judge's discretion. Enumerated error 2 is without merit.

3. Enumerated errors 5, 6 and 7 complain of the admission in evidence over objection of the appellant's identification papers and current passport, stamped indicating his presence in Colombia, S. A., four days prior to his arrest, found in his apartment at the time of his arrest, and testimony that most cocaine comes from Colombia. The appellant contends that this combined evidence constituted evidence of another crime, i.e. smuggling, and placed his character in evidence, hence was inadmissible.

In the first place, proof that the appellant was in

Colombia and that most cocaine comes from there, is not proof of an offense at all, but merely circumstantial evidence which, together with the other evidence, might tend to prove an offense. In the second place, the evidence was admissible even if it was proof of a distinct, independent and separate offense, since there was "some logical connection between the two, from which it can be said that proof of the one tends to establish the other." *State v. Luke,* 232 Ga. 815, 816 (209 SE2d 165) and cit. One of the exceptions to the rule of inadmissibility of proof of an extraneous crime was stated in *Cox v. State,* 165 Ga. 145 (139 SE 861), quoted in *State v. Luke,* supra, p. 816, to be when the extraneous crime "may bear upon the question of the identity of the accused, or *articles connected with the offense. . ."* (Emphasis supplied.) Certainly, proof that the accused had just been in the area supplying most of the cocaine, was relevant and admissible as tending to establish his possession with intent to distribute cocaine found in his apartment. As *State v. Luke,* supra, points out, all the circumstances connected with the arrest are admissible in evidence to be weighed by the jury for what they are worth. The fact that these circumstances may be prejudicial in that they tend to establish an extraneous crime, does not necessarily, or in the present case, make them inadmissible. These enumerated errors are without merit.

4. Enumerated error 8 is the failure to give requested charges numbered 13 and 14. No. 13 was as follows: "I further charge you that the mere presence at the scene of a crime is not enough, in and of itself, to support a verdict of guilty. If you find as a matter of fact that the defendant was present at the scene of the crime, but you are not fully satisfied beyond a reasonable doubt that he had the specific intent required for committing the crime of possessing cocaine, then you must find him not guilty." No. 14 was as follows: "I charge you, ladies and gentlemen of the jury, where premises are occupied by more than one person, there is no presumption that a person merely by being on the premises possessed or controlled cocaine found therein and the evidence of the state must exclude every reasonable hypothesis except the guilt of the defendant."

Failure to give these requested charges was not error in this case. The evidence did not consist of the appellant's "mere presence at the scene of a crime," but included his additional involvement. The judge charged the jury that one of the essential elements of the offense, which the state must prove "beyond a reasonable doubt," was that "the defendants [including the appellant] did so possess with a specific intent to distribute cocaine, a controlled substance." Although there was no specific charge as to the so-called "equal access" rule, the jury was charged that "[e]ach defendant is entitled to have his guilt or innocence of the crime charged determined from his own conduct and from the evidence which applies to him, as if he were being tried alone," and "[t]o warrant a conviction upon circumstantial evidence, the proven facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis, save that of the guilt of the accused of the offense with which he is charged." Enumerated error 8 is without merit.

5. Enumerated error 9 is the failure to give requested charge numbered 5, viz.: "I charge you that if the facts and evidence in this case, and all reasonable deductions therefrom present two theories, one of guilt and the other consistent with innocence, of the crime charged in the indictment, that justice and humanity of the law compel the acceptance of the theory which is consistent with innocence. Therefore, ladies and gentlemen, if the evidence in this case is consistent with the innocence of the defendant, then you must acquit him of the crime charged in the indictment." This requested charge was adequately given in substance by the last-quoted charge in Division 4, hereinabove.

6. The verdict and judgment were authorized by evidence that cocaine of a very high grade and large quantity was seized under a search warrant from an apartment where the appellant was then residing, and that the appellant had been involved in negotiations for a planned drug sale to be effected at that apartment. Accordingly, the denial of the motion for a directed verdict of acquittal was not error. Enumerated errors 3 and 4 are without merit.

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

SUBMITTED MARCH 8, 1976 — DECIDED MARCH 19, 1976.

*Skidmore, Barrett & Jenkins, Timothy N. Skidmore, Kenneth T. Humphries,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Donald J. Stein, Assistant District Attorneys,* for appellee.