## 31958. HILL v. THE STATE.

HILL, Justice.

Two men entered a shoe store in a shopping center on a Saturday morning and robbed it at gunpoint. They fled in a blue Plymouth station wagon with a silver luggage rack. About fifteen minutes later, after being alerted, a police officer stopped a blue Plymouth station wagon with a silver luggage rack and arrested the three occupants. The defendant was driving. Police found a pistol and $170.

In a joint trial, the jury found the three men guilty. One co-defendant's conviction has been affirmed. See *Jenkins v. State,* 237 Ga. 493 (228 SE2d 877) (1976).

The defendant in this appeal has enumerated 24 alleged errors. We will set forth in this opinion only the more significant ones.

1. Before trial the defendant filed a written motion to sever his trial from that of the two co-defendants. The motion stated only that the evidence given during a committal hearing showed that severance was necessary. The three men did not testify at their committal hearing. A review of the transcript of that hearing shows that the only hint of potential conflict among the defendants is testimony of an investigating officer that the defendant denied knowledge of the robbery. This is not a sufficient showing to require the trial court to order severance. *Cain v. State,* 235 Ga. 128 (218 SE2d 856) (1975), is directly in point, even as to later developments described below. The trial court did not abuse its discretion in denying the motion to sever based upon the defendant's showing made in the motion.

2. The defendant testified at trial that he knew nothing of the robbery, that he parked near a grocery store and waited for the co-defendants to buy cigarettes, and that on their return he was forced by them at gunpoint to drive on. Up to this point the co-defendants' defense had been mistaken identity. Co-defendant Jenkins took the stand after defendant. Jenkins asked if he could testify on his own without questions by his counsel. He said that he was aware his testimony would probably cost him several years in jail, but that the defendant's effort to place all the blame on Jenkins and the other co-defendant caused his testimony. Jenkins testified that the defendant planned the robbery and as to how he obtained the gun. Jenkins denied coercing the defendant to drive away from the scene.

Defendant urges that Jenkins' confession was admissible only as against Jenkins (Code § 38-414), not as against this defendant, and that the jury should have been so instructed. The "confession" referred to in Code § 38-414 is one which is recounted at trial by a third person, e.g., a police officer, not one made in person at trial by one

of the perpetrators. That section defines an exception to the general rule of Code Ann. § 38-301 which discourages the use of hearsay evidence. The section does not apply to the testimony of Jenkins in this case. Jenkins took the stand as a witness and was cross examined by the defendant. This eyewitness narration from the witness stand, which violated no rights to confrontation, needed no exception to the hearsay rules to gain admission into evidence. Code § 38-414 does not prohibit an accomplice from testifying (confessing) at trial as a witness for the state.

Jenkins' testimony as to this defendant's identity and participation in the crime (see *West v. State,* 232 Ga. 861, 865 (209 SE2d 195) (1974)), was amply corroborated by the testimony of the arresting officers, by the gun and money, and by the defendant's testimony. Code § 38-121.

3. The defendant's defense was innocence (non-participation) and good character. At the conclusion of his testimony he offered into evidence letters from people in his hometown in Tennessee attesting to his good character. Pursuant to stipulation, the district attorney did not object to the admission of the letters. However, co-defendant Jenkins objected to the admission of the letters into evidence. The trial court sustained the objection. Co-defendant Jenkins had the right to confront and cross examine the witnesses who attested to the character of the man who said he was forced by Jenkins to drive the getaway vehicle. The trial court did not err in sustaining Jenkins' objection to the character reference letters.

The defendant nevertheless contends that the trial court erred because the prosecution had agreed to allow the letters into evidence and because sustaining the objection of the co-defendant denied the defendant due process of law. The defendant could have renewed his motion to sever, yet he did not do so. The trial court has no legal duty to order severance sua sponte during a trial. Before trial, a trial judge may order severance on his own motion. See ABA Standards, Joinder and Severance, § 3.1(b); Function of the Trial Judge, § 3.9. During trial, severance should only be granted upon the consent of the defendant to be severed. ABA Standards, Joinder and

Severance, § 2.3 (b) (ii). Undoubtedly the reason for this difference is that an unconsenting defendant could plead double jeopardy upon retrial following a severance during trial. Consequently, a defendant who, during trial, finds reasons for severance or supporting a motion for severance previously made and overruled, is under a duty to make or renew his motion for severance. He cannot sit silent and expect the trial judge to suggest severance to him. *Coachman v. State,* 236 Ga. 473 (1) (224 SE2d 36) (1976).

The trial court did not err in protecting the rights which were asserted by co-defendant Jenkins, even though the state did not object to the otherwise inadmissible evidence. Moreover, the trial court did not err in not granting severance on its own motion.

4. The defendant contends that the trial judge erred in failing to charge, without request, on coercion. The defendant's defense was nonparticipation in the crime in chief, not that he was coerced into participating in the robbery itself. He testified that he was coerced into driving the getaway car away from the scene of the crime. The trial judge charged on parties to a crime, on circumstantial evidence, the reasonable hypothesis rule, the necessity that the testimony of an accomplice be corroborated so as to show that the defendant participated in the crime, that the burden was on the state to prove each defendant's guilt beyond a reasonable doubt, and that mere presence at the scene of a crime raises no presumption of guilt. Upon timely written request, the defendant would have been entitled to a charge on coercion adapted to the facts of this case. However, in the absence of timely written request, the trial court did not err in failing to give a modified version of the charge on coercion.

5. There is no reversible error in defendant's remaining enumerations.

*Judgment affirmed. All the Justices concur.*

ARGUED FEBRUARY 16, 1977 — DECIDED JUNE 21, 1977.

*Lawrence G. Dillon, Charles R. Ashman,* for

appellant.

*Andrew J. Ryan, III, District Attorney, Robert M. Hitch, III, Assistant District Attorney, Arthur K. Bolton, Attorney General, Harrison Kohler, Assistant Attorney General,* for appellee.