## A93A0775. CARSON v. THE STATE.
### (431 SE2d 156)

McMurray, Presiding Judge.

Via indictment, defendant, Christopher Jerome Carson, and a co-defendant, Melvin Malcolm, were charged and accused with violating the Georgia Controlled Substances Act by selling cocaine. Defendant moved to sever his trial from the trial of the co-defendant. The motion was denied and defendant and the co-defendant were tried together by a jury of their peers. Defendant was found guilty; the co-defendant was acquitted. Defendant was given a life sentence and moved for a new trial. The new trial motion was denied and defendant appealed. Held:

1. Defendant asserts the trial court erred in denying his motion to sever. We disagree.

"Whether to sever the trials of co-defendants is a matter of discretion with the trial judge, and, absent abuse, his decision will not be disturbed by the appellate court. OCGA § 17-8-4; Glover v. State, 188 Ga. App. 330 (373 SE2d 39) (1988). Factors to be considered by the court in its exercise of discretion are as follows: (1) Will the number of defendants create confusion as to evidence and law relative to the separate defendants? (2) Is there a danger that evidence admissible against only one defendant (or, where there are more than two defendants, only against certain ones of them) will nevertheless be considered against another?; and (3) Are the defendants' respective defenses antagonistic to the defenses, or the rights, of another? Glover v. State, supra at 331. It is the defendant who has the burden of showing, on his motion to sever, that any of the named criteria are applicable so as to prejudice his defense." Causey v. State, 192 Ga. App. 294, 297 (4) (384 SE2d 674).

Defendant failed to carry his burden of showing that he was prejudiced by any of the applicable criteria. First, there were only two defendants and the evidence and law with regard to each defendant was nearly identical. (Defendant and his co-defendant were charged with the same sale of cocaine. The evidence demonstrated that de-

fendant received the money for the sale and directed the buyer to his co-defendant (who dispensed the drug).) It cannot be said, therefore, that the number of defendants created confusion. Second, there was no danger that evidence that was inadmissible against one defendant was admissible against another defendant. (Although the co-defendant was permitted to ask the buyer about prior dealings with defendant, see Division 4, the trial court cautioned the jury that it was not to consider prior dealings as evidence of guilt.) Finally, the defendant's and co-defendant's defenses were not antagonistic. Each of them denied any involvement in the sale. Accordingly, the trial court did not abuse its discretion in denying the motion to sever.

2. The buyer testified that he asked defendant if he could make a cocaine purchase; that he believed he paid defendant $100, but he could not be sure; that defendant directed him to see the co-defendant, who was sitting in defendant's automobile; and that he entered defendant's automobile and obtained the cocaine. The buyer's testimony was bolstered by the testimony of an undercover officer who averred that he saw the buyer pay $100 to defendant. This evidence was sufficient to enable any rational trier of fact to find defendant guilty of selling cocaine beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Cleveland v. State*, 204 Ga. App. 101, 102 (1) (418 SE2d 430). The mere fact that the buyer was unable to remember whether he handed the money to defendant or the co-defendant is of no consequence. See *Cleveland v. State*, supra.

3. The trial court did not err in permitting the State to introduce similar transaction evidence (consisting of previous cocaine sales transactions in the same general vicinity). *Hunt v. State*, 204 Ga. App. 799, 801 (2) (d) (420 SE2d 656).

4. In his fourth enumeration of error, defendant complains that the co-defendant was permitted to ask a police officer why the officer and the buyer sought out defendant on the night in question. In this regard, defendant asserts that his character was put in issue when the officer replied that defendant was a "potential target" in a drug investigation. In his fifth enumeration of error, defendant asserts the trial court erred in permitting a police officer to give "hearsay" testimony, to wit: that the buyer told him that it would be possible to purchase cocaine from defendant. We find no reversible error in either instance inasmuch as the evidence explained the circumstances leading to defendant's arrest. *Frazier v. State*, 195 Ga. App. 599, 600 (4) (394 SE2d 396) (officer's testimony that he was told defendant Frazier would be able to supply him with cocaine deemed admissible to explain circumstances leading to defendant's arrest).

In passing, we note that in each instance the testimony was offered to explain why the officer and the buyer sought out defendant

in the first place and that the trial court gave a cautionary instruction to that effect. We also note that the buyer and a police officer positively identified defendant as the perpetrator of the crime; that the buyer testified that cocaine was obtained from defendant's automobile; that, although defendant denied that he sold cocaine to the buyer, he admitted he was present when the sale took place and that he shook hands with the buyer; and that similar transaction evidence demonstrated that defendant previously sold cocaine in the same general vicinity (see Division 3). Under these circumstances, it is highly probable that the testimony of the officer (that the buyer told him it would be possible to purchase cocaine from defendant and that defendant was a "potential target" of a drug investigation) did not contribute to the jury's verdict. *Osborne v. State*, 193 Ga. App. 276, 277 (3) (387 SE2d 383); *Harrison v. State*, 187 Ga. App. 268, 269 (2) (370 SE2d 7). Accordingly, we find no ground for reversal.

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED APRIL 23, 1993.

*Michael M. White*, for appellant.

*Daniel J. Porter, District Attorney, Thomas N. Davis, Jr., Assistant District Attorney*, for appellee.