S94G0010. THE STATE v. FREEMAN.
(444 SE2d 80)

BENHAM, Presiding Justice.

At appellant's trial for murder, the jury first brought back a verdict of guilty of involuntary manslaughter, notwithstanding it had not been charged on that offense. The trial court, when the meaning of the verdict was pointed out prior to it being published, refused to accept that verdict and returned the jury for further deliberation. When the jury subsequently returned a verdict of guilty of voluntary manslaughter, the trial court received it and sentenced appellant thereon. The Court of Appeals reversed that judgment, holding that the first verdict of involuntary manslaughter amounted to an acquittal of voluntary manslaughter. *Freeman v. State*, 210 Ga. App. 183 (435 SE2d 461) (1993). We granted certiorari and expressed particular concern whether the trial court correctly refused to accept the jury's original verdict of involuntary manslaughter.

The Court of Appeals relied on *Matthews v. State*, 71 Ga. App. 796 (32 SE2d 446) (1944), quoting *Register v. State*, 10 Ga. App. 623 (74 SE 429) (1911), for the proposition that the verdict of involuntary manslaughter amounted to an acquittal of voluntary manslaughter and was a finality. Since *Register* established and does stand for that proposition, it is the continued vitality of *Register* which we must consider.

When the Court of Appeals decided *Register*, it was the first appellate decision in this state resolving the question of what effect should be given a verdict which was not within the instructions given by the trial court. Making that decision fell to the Court of Appeals only because the six justices of the Supreme Court divided evenly on the issue that same year in *Darsey v. State*, 136 Ga. 501 (71 SE 661) (1911).[1] In *Register*, however, two of the three judges of the Court of

---

[1] Because of that division, the judgment in *Darsey* was affirmed as a matter of law.

Appeals agreed that the first verdict should stand even though the jury violated its duty in reaching it. Their decision was based in part on the fact that the State has no right to appeal an acquittal. They viewed a trial court's rejection of a non-responsive verdict to be equivalent to the court doing indirectly what the State could not do directly. The majority there viewed the refusal of any verdict included in the offense charged in the indictment to be an invasion of the exclusive province of the jury.

Judge Powell dissented, rejecting the distinction the majority of that court drew between cases in which the jury returned a verdict of some offense not included in the indictment and those cases in which the jury returned a verdict for an offense which could be included in the offense charged in the indictment, but was not submitted to the jury in the court's instructions as a possible verdict because it was not supported by the evidence. Judge Powell noted that issues in a trial are framed by the pleadings and the evidence, and insisted that it was

> not only logical, but eminently proper, and consistent with all the better notions as to how justice should be judicially administered, . . . that in such a case the judge should stand his ground and compel the jury to tender a verdict responsive to the issue as he in the due exercise of his prerogative has framed it . . . .

Id. at 638. Notwithstanding Judge Powell's eloquence, the other two judges on the Court of Appeals laid down a proposition of law which has been relied upon by the Court of Appeals on numerous occasions and by this court on three occasions.[2]

We take this opportunity to correct what we now believe to be an inappropriate rule. Jurors have a duty to take the law from the trial court's instructions and apply it to the facts which they determine from the evidence adduced at trial. *Harris v. State,* 190 Ga. 258 (6) (9 SE2d 183) (1940). As Judge Powell argued fruitlessly in 1911, it is the duty of the trial court not only to tell the jury what the law is, but to insist that they apply it "and either . . . render a verdict on some issue submitted or else make a mistrial." *Register,* supra at 639. The trial court in the present case did just that by reviewing the verdict prior to its publication and returning the jury with instruction to reach a verdict authorized by the charge given it.

We agree with Judge Powell that a trial court has a duty to insist on a legal verdict, that is, a verdict responsive to the issues as framed

---

[2] *Allen v. State,* 164 Ga. 669 (1) (139 SE 415) (1927); *Parker v. Mooneyham,* 256 Ga. 334, 335 (349 SE2d 182) (1986); and *Westbrook v. State,* 256 Ga. 776 (5) (353 SE2d 504) (1987).

by the indictment or accusation and the evidence, and specified in the trial court's charge to the jury. We view this not as the court doing indirectly what the State cannot do directly, but as the court exercising an appropriate authority to prevent an illegal verdict. The performance of that function should not be limited, as the *Register* court held, by the fact that the State has no remedy for an unsupported verdict favoring the accused. On the contrary, that restriction on the State's remedies make it imperative that the trial court have authority to prevent an illegal verdict from ever being published.

We hold, therefore, that the proper procedure henceforth is for the trial court and counsel to review the verdict prior to its publication in open court, and if the verdict is not proper in that it finds the defendant guilty of an offense with regard to which the trial court did not instruct the jury, the trial court should return the jury for further deliberation with direction to return a verdict within the range of the instructions originally given to it.

Our ruling in no way infringes upon the province of the jury nor conflicts with the constitutional provision that "the jury shall be the judges of the law and the facts." Ga. Const. 1983, Art. I, Sec. I, Par. XI (a). In *Harris v. State*, supra, conflicting interpretations of that provision were put to rest and the interpretation stated in *Berry v. State*, 105 Ga. 683 (1) (31 SE 592) (1898), was firmly established:

> It is the province of the court to construe the law applicable in the trial of a criminal case, and of the jury to apply the law so construed to the facts in evidence. While the impaneled jurors are made absolutely and exclusively judges of the facts in the case, they are, in this sense only, judges of the law.

Nor does this ruling prevent the jury from acquitting the defendant in any case, no matter how compelling the evidence may seem to the court, since a verdict of not guilty is always within the range of legal verdicts in a criminal case. All we do in this decision is reestablish the trial court's authority to require the jury to perform its function properly, which is what the trial court in the present case sought to do.

Because *Register v. State*, supra, stands clearly for a proposition we now deem not to be legally correct, we overrule it and its progeny insofar as they permit a jury in a criminal trial to return a verdict not responsive to the issues framed by the indictment and the evidence and given to the jury in the court's charge. Although *Register* was viable authority when the Court of Appeals rendered its decision in the present case, our overruling of it compels us to reverse the decision of the Court of Appeals.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 13, 1994.

*Charles M. Ferguson, District Attorney,* for appellant.
*Frank T. Bell,* for appellee.