S01A0670. HILL v. THE STATE. ·
S01A0671. JONES v. THE STATE.
(555 SE2d 696)

HINES, Justice.

A jury found Anthony Hill guilty of malice murder, felony murder, robbery by force, aggravated battery, and aggravated assault, in connection with the death of Howard Hyers (case no. S01A0670). In the same trial, Stephen Purcell Jones was found guilty of felony murder and robbery by force, stemming from the same incident (case no. S01A0671).[1] They appeal their convictions and for the reasons that follow, we affirm in part and vacate in part in case no. S01A0670, and affirm in case no. S01A0671.

Construed to support the verdicts, the evidence showed that Anthony Hill, co-defendant Stephen Jones, and Stacy Alderman stopped at a convenience store to allow Alderman to use the telephone. Howard Hyers, the victim, was seated on the curb using an inhaler. Hyers was 64 years old and had emphysema. While Hill and Jones were waiting for Alderman, Hyers asked for help in changing his tire, offering to pay five dollars. As the three men went to Hyers's

---

[1] The crimes occurred on July 1, 1996. In the February term of 1997, an Appling County grand jury indicted Anthony Hill and Stephen Purcell Jones on charges of malice murder, felony murder, robbery by force, aggravated battery, and aggravated assault. They were tried together before a jury March 12-13, 1998. Hill was found guilty of all counts; Jones was found guilty of felony murder and robbery by force, and not guilty of the remaining counts. On March 13, 1998, Hill was sentenced to life in prison for malice murder, and terms of 20 years in prison for robbery by force and aggravated battery, both 20-year sentences to be consecutive to the life term; the court stated that the other crimes merged into those for which Hill was sentenced. That same day, Jones was sentenced to life in prison for felony murder; the court declared the robbery by force to have merged into the felony murder. Hill filed a motion for new trial on April 10, 1998, which was denied on December 18, 2000. Jones filed a motion for new trial on March 19, 1998, and amended it on November 2, 2000; his motion for new trial was also denied on December 18, 2000. Hill filed a notice of appeal on January 12, 2001, and Jones filed a notice of appeal on January 9, 2001. Both appeals were docketed in this court on January 26, 2001, and submitted for decision on March 12, 2001.

pickup truck, Hill suggested robbing Hyers;[2] Hyers had difficulty walking to his truck and was not present when the suggestion was made. When Hyers was in front of the open hood looking for the jack, Alderman ran and Hill hit Hyers in the head. Hyers fell to the ground, and Jones stood over Hyers. Hill and Jones emptied Hyers's pockets and ran, meeting Alderman. Hill, who was holding Hyers's wallet, told Alderman not to say anything or he would not share in the money. Later, Hill and Jones went to Alderman's house and Hill repeated the admonition to remain silent. Hill and Jones later gave statements to the police in which they claimed that Alderman struck Hyers. Hyers died five months later from complications of the head injury and the required surgery.

### Case No. S01A0671

1. Jones contends that the evidence is insufficient to convict him of robbery by force, and therefore the felony murder based on robbery by force, because there was no evidence showing that he had an intent to rob Hyers.

Hill testified that Jones suggested robbing Hyers, which would show that Jones had the intent to do so. However, a defendant cannot be convicted on the uncorroborated testimony of an accomplice, see OCGA § 24-4-8, and Jones argues that Hill's testimony is uncorroborated.

> The corroborating evidence connecting a defendant to a crime may consist entirely of circumstantial evidence, and evidence of the defendant's conduct before and after the crime was committed may give rise to an inference that the defendant participated in the crime. [Cit.] Whether the corroborating evidence is sufficient is a matter for the jury, and even slight evidence of corroboration connecting an accused to a crime is legally sufficient. [Cits.]

*Klinect v. State*, 269 Ga. 570, 572 (1) (501 SE2d 810) (1998).

But Jones is incorrect that the only evidence of his guilt, and particularly of his intent to rob Hyers, is Hill's uncorroborated testimony. Although Jones contends that some of the evidence showing his involvement in the robbery, including the intent to rob, should have been excluded because it came in through improper impeachment of a State's witness, Selena Alderman, see OCGA § 24-9-81, Jones did not object at trial and cannot now complain. *Bailey v. State*,

---

[2] Hill testified that Jones made the suggestion. Alderman and Jones testified that Hill made it.

273 Ga. 303, 305 (2) (a) (540 SE2d 202) (2001). Jones did object to the State's use of a prior statement to impeach Stacy Alderman. However, all that was elicited was Stacy Alderman's affirmative response to a question whether he had made a statement to police in which he said that Jones and Hill "were talking about" robbing Hyers.[3]

Even viewing the evidence in a light most favorable to Jones, excluding both Hill's statement that Jones suggested robbing Hyers and Stacy Alderman's statement that Jones and Hill "were talking about" robbing Hyers, evidence showed that Jones had the intent to, and did, participate in robbery by force. Under such a view, Jones accompanied Hill to the truck even though Hill had stated his own intention to rob Hyers. After Hill struck Hyers, Jones stood over Hyers. He was present when Hill told Alderman not to speak about the incident or he would not share in the money, and later went with Hill to Alderman's home where Hill repeated the instruction not to tell anyone. Also, Jones acquiesced in Hill's request to tell a false version of events to the police in which the two identified Alderman as the one who suggested the robbery, and as the one who struck Hyers. The evidence was sufficient to authorize the jury to find Jones guilty of all elements of robbery by force, including intent, and therefore to find him guilty of the resulting felony murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Kinney v. State*, 271 Ga. 877, 880 (2) (525 SE2d 91) (2000).[4]

2. Jones filed a motion to sever his trial from that of Hill, which he contends should have been granted. However, Jones did not invoke a ruling on his motion, but instead announced that he was ready for trial. Thus, this issue is not preserved for review. *Shields v. State*, 269 Ga. 177, 179 (3) (496 SE2d 719) (1998).

3. The court allowed into evidence testimony concerning the fact that Hill was on parole, and Jones contends this was error because it informed the jury that Jones associated with a criminal. However, Jones did not object to this testimony and has waived review of the issue. *Stroud v. State*, 272 Ga. 76, 77 (3) (526 SE2d 344) (2000). Compare *Busbee v. State*, 210 Ga. App. 17 (435 SE2d 60) (1993).

4. In its closing, the State said: "The innocent do not have to come into this court or anywhere and defend themselves, and that is an absolute truth. But that's not what Mr. Hill did." Hill objected immediately, but Jones did not. After closing arguments ended, Jones did join in Hill's renewed objection. Assuming that Jones's objection was timely, he still cannot complain. During his closing

---

[3] Alderman previously testified that Hill had said he would rob Hyers and that Jones had said nothing.

[4] It was also sufficiently shown that the trauma to the head was the proximate cause of death. See *Redfield v. State*, 240 Ga. 460-461 (1) (241 SE2d 217) (1978).

argument, Jones's counsel used an illustration from counsel's own experience concerning his son and the need to speak on one's own behalf. Counsel stated: "And I was asking him [i.e. counsel's son], I said, you need to do something. You need to say something. You always told me the innocent person didn't have to defend themselves." Shortly thereafter, counsel stated there was no evidence against Jones, and that Jones had told counsel that if he could "just get up there and tell the truth, somehow or another the jury" would recognize the truth. Under these circumstances, the State's reference to the innocent not having to defend themselves was in response to points made in Jones's closing argument. See *Ingram v. State*, 253 Ga. 622, 634 (8) (323 SE2d 801) (1984).

## Case No. S01A0670

5. Hill contends he should not have been convicted of malice murder as there was no evidence of malice. Under OCGA § 16-5-1 (b), express malice is the deliberate intention unlawfully to take a life, manifested by external circumstances, and malice may be implied where no considerable provocation appears and where the circumstances of the killing show an abandoned and malignant heart. Although Hill testified that his only intent was to rob Hyers, he also testified that he observed that Hyers was elderly and infirm to the point that he had to rest after a short walk and used an inhalant medication, and that he hit Hyers hard enough to knock him to the ground. The circumstances of Hill's attack on Hyers were sufficient for the jury to find that Hill acted with the required malice. *Jackson v. Virginia*, supra; *Sapp v. State*, 273 Ga. 472, 473 (543 SE2d 27) (2001). The evidence was also sufficient to authorize the jury to find Hill guilty of all other crimes of which he was convicted. *Jackson v. Virginia*, supra.

6. The court allowed a police officer to read to the jury Hill's statement to police in its entirety, including that portion explaining his actions after fleeing the scene, in which he said: "I didn't come out of the woods because I'm on parole." Hill contends that this implicated his character and should have been excluded. However, this evidence was a portion of the statement Hill initially gave in which he implicated Alderman as the one who struck Hyers; he was attempting to give a plausible explanation for his concealment after the crime, despite his denial of involvement in the robbery. As a purported eyewitness who was only present at the scene, his statement as to what occurred during the commission of the crime and immediately thereafter was relevant and admissible. *Johnson v. State*, 264 Ga. 456, 457 (1) (448 SE2d 177) (1994). See also *Corza v. State*, 273 Ga. 164, 166 (2) (539 SE2d 149) (2000).

7. During the State's closing argument, the State said: "The innocent do not have to come into this court or anywhere and defend themselves, and that is an absolute truth. But that's not what Mr. Hill did." See Division 4, supra. Hill objected that this was not a correct statement of law. The objection was overruled. After the closing arguments, Hill renewed his objection, contending that for the court to allow the ruling to stand was tantamount to the court agreeing with the State that the accused were not innocent, but guilty, and therefore was an expression of the court's opinion, and asked for a mistrial. See OCGA § 17-8-57. To this the State responded that the court would presumably instruct the jury that nothing the court had done or said should be interpreted as an expression of an opinion about the case. The court said that such an instruction would be given, and denied the mistrial. The court did give the jury such an instruction.

As noted in Division 4, supra, the State is entitled to respond to points made in closing argument. Even if it was error for the State to refer to Hill in responding to comments made in Jones's argument, it was harmless. Viewing the entirety of the closing argument, the evidence against Hill, particularly his admission to hitting Hyers, and the court's instruction that no action of the court should be construed to be a comment on the evidence or the case, it is highly probable that the jury would have reached the same verdict if the comment had not been made. See *Alexander v. State*, 263 Ga. 474, 478 (2) (d) (435 SE2d 187) (1993). See also *Willingham v. State*, 268 Ga. 64, 65 (4) (485 SE2d 735) (1997).

8. Hill was sentenced for malice murder, robbery by force, and aggravated battery. He contends that the robbery by force and aggravated battery convictions merged with the malice murder conviction. See *Malcolm v. State*, 263 Ga. 369, 372-374 (5) (434 SE2d 479) (1993).

Robbery by force and malice murder are separate crimes which do not merge as a matter of law. See OCGA § 16-1-6; *Evans v. State*, 271 Ga. 614, 616 (2) (523 SE2d 850) (1999); *Lemay v. State*, 264 Ga. 263, 265 (1) (443 SE2d 274) (1994). And they do not merge as a matter of fact here as each crime was proved by distinct elements absent from the proof of the other. See *Cash v. State*, 258 Ga. 460, 462 (1) (368 SE2d 756) (1988); *Oglesby v. State*, 243 Ga. 690, 691 (2) (256 SE2d 371) (1979).

Aggravated battery is committed when one "maliciously causes bodily harm to another by depriving him or her of a member of his or her body, by rendering a member of his or her body useless, or by seriously disfiguring his or her body or a member thereof." OCGA § 16-5-24 (a). The only evidence of Hill doing so was the evidence that he struck Hyers in the head, causing the trauma that ultimately ended Hyers's life. This was the same evidence that showed that Hill

committed malice murder. Consequently, the aggravated battery merged into the malice murder as a matter of fact, and the court erred in sentencing Hill for aggravated battery. *Malcolm*, supra. The judgment and sentence as to aggravated battery must be vacated. Id.

*Judgments affirmed in part and vacated in part in Case No. S01A0670. Judgment affirmed in Case No. S01A0671. All the Justices concur, except Fletcher, C. J., who concurs in the judgment and in Divisions 1, 2, 3, 5, 6, and 8.*

DECIDED NOVEMBER 19, 2001 —
RECONSIDERATION DENIED DECEMBER 14, 2001.

*George L. Hoyt, Jr.*, for appellant (case no. S01A0670).
*Franklin D. McCrea*, for appellant (case no. S01A0671).
*Stephen D. Kelley, District Attorney, John B. Johnson III, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Wylencia H. Monroe, Assistant Attorney General*, for appellee.