## A04A0667. COCHRAN v. THE STATE.
(596 SE2d 753)

ELDRIDGE, Judge.

A Coweta County jury found Wallace L. Cochran guilty as a party to the crime of two counts of armed robbery and possession of a firearm during the commission of a felony, which charges arose from his participation in the armed robbery of two employees of the Steak

---

'N Shake restaurant on Bullsboro Drive in Newnan. Cochran appeals, claiming trial court error in both the denial of his motion for directed verdict and the failure to give a jury charge on the lesser offense of robbery. Finding no error, we affirm Cochran's convictions.

1. In his first enumeration of error, Cochran contends the trial court should have directed a verdict on all counts because the only evidence of his participation in the incident was the uncorroborated testimony of his accomplice. In that regard,

> a defendant cannot be convicted on the uncorroborated testimony of an accomplice. . . . The corroborating evidence connecting a defendant to a crime may consist entirely of circumstantial evidence, and evidence of the defendant's conduct before and after the crime was committed may give rise to an inference that the defendant participated in the crime. Whether the corroborating evidence is sufficient is a matter for the jury, and even slight evidence of corroboration connecting an accused to a crime is legally sufficient.[1]

Insofar as the participation of the defendant is concerned, there must be independent corroborating evidence which tends to connect the defendant with the crime. This independent corroborating evidence may be circumstantial and need not be sufficient in and of itself to support a verdict of guilty.[2]

Here, following the incident, Cochran's 17-year-old female accomplice turned herself in to the police and identified Cochran as the one who planned the armed robbery of the Steak 'N Shake, gave her a pistol to commit the robbery, and helped her collect money from the restaurant's safe. The two Steak 'N Shake employee/victims made positive in-court identifications of Cochran as a perpetrator of the armed robbery. Two witnesses positively identified Cochran as the man who entered a local Kmart with the co-defendant a few hours before the incident in order to purchase ski masks to aid in the perpetration of the armed robbery; in addition, there was a videotape of the attempted Kmart transaction. Further, after the co-defendant's arrest, Cochran sent her a letter telling her to remain silent about their involvement in the incident because "they have nothing on us Casey, nothing at all. The only thing they have is what *you've* told them." (Emphasis in original.) We find this evidence sufficient to corroborate the accomplice's testimony and to support the jury's conclusion that Cochran was guilty of the armed robbery of

---

[1] (Citations omitted.) *Hill v. State*, 274 Ga. 591, 592 (1) (555 SE2d 696) (2001).
[2] *Gunter v. State*, 243 Ga. 651, 655 (256 SE2d 341) (1979).

the two Steak 'N Shake employees beyond a reasonable doubt.[3]

2. The only evidence was that the armed robbery of the Steak 'N Shake was perpetrated with a handgun. Accordingly, there was no error in refusing to give the jury a charge on the lesser offense of robbery.[4]

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED MARCH 15, 2004.

*Mark A. Hinds*, for appellant.

*Peter J. Skandalakis, District Attorney, Charles P. Boring, Assistant District Attorney*, for appellee.

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[4] *Gilbert v. State*, 259 Ga. App. 371, 374 (4) (577 SE2d 35) (2003).
[1] OCGA § 9-11-56 (c).
[2] *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).