## A11A1366. BROOKS v. THE STATE.
(717 SE2d 490)

McFADDEN, Judge.

After a jury trial, Stanley Brooks was convicted of rape, aggravated sodomy, aggravated assault, kidnapping and four counts of possession of a firearm during the commission of a felony. He appeals, asserting that the trial court erred in refusing to sever his trial from that of his co-defendant, William Johnson. We agree and reverse. The record shows that Brooks was prejudiced by the denial of his motion to sever; the jury found him guilty of crimes for which only Johnson had been indicted.

Brooks and Johnson were jointly indicted for rape, aggravated sodomy, aggravated assault, kidnapping and four counts of possession of a firearm during the commission of a felony. In the same indictment, Johnson was also charged with numerous other offenses. Some of those additional charges related to an alleged carjacking that occurred two days before the incident that gave rise to the joint charges against Brooks and Johnson, while the rest of the charges against only Johnson related to an armed robbery that allegedly occurred after the joint incident. The trial court granted Johnson's motion to sever the counts of the indictment based on the earlier carjacking incident. However, the trial court denied Brooks' motion to sever his trial from Johnson's trial, rejecting his claim that the jury would be misled and would likely punish him for Johnson's criminal activity.

At trial, the jury heard evidence on the eight jointly-indicted counts, as well as on the charges brought against only Johnson for

armed robbery, aggravated assault, two counts of possession of a firearm during the commission of a felony, and fleeing and attempting to elude police. During her closing argument, the prosecutor asserted that the evidence showed similarities between the incident involving both Brooks and Johnson and the subsequent armed robbery involving only Johnson, and she further stated to the jury that "after [the armed robbery victim] encountered *these defendants* there was the chase." (Emphasis supplied.) Thereafter, counsel for Brooks noted that the state had improperly attempted in its closing argument to tie Brooks to the armed robbery, and the trial court responded: "They can't find him guilty of something he's not charged with." However, the jurors did just that, returning a verdict in which they not only found Brooks guilty of the eight offenses for which he and Johnson were jointly indicted, but also found him guilty of the armed robbery, aggravated assault and two firearm counts for which only Johnson had been indicted. After announcing its verdict, the jury was polled and each juror reaffirmed that this was indeed their verdict. The trial court sentenced Brooks on the offenses for which he had been indicted, but did not sentence him on those for which he had not been indicted. Brooks' motion for new trial was denied, and this appeal followed.

1. As an initial matter, we note that the issue of severance was not waived for purposes of appeal. A pre-trial hearing was held at which the parties thoroughly argued the merits of Brooks' motion to sever, and the trial court then denied the motion. Accordingly, the trial court's severance ruling was preserved for review. See *Hill v. State*, 274 Ga. 591, 593 (2) (555 SE2d 696) (2001). The case cited by the special concurrence, *Hill v. State*, 239 Ga. 278 (236 SE2d 626) (1977), is inapposite. The holding in that case is simply that a trial court has no duty to order severance sua sponte, and thus "the trial court did not err in not granting severance on its own motion." Id. at 281 (3). That is not the issue in this case, which involves, not a claim that the trial court should have granted a severance on its own motion, but that the trial court erred in refusing to grant Brooks' motion to sever.

"A trial judge has discretion to grant severance based on the particular facts of the case and should do so whenever it appears necessary to guarantee the defendant a fair trial." (Citation omitted.) *Ham v. State*, 303 Ga. App. 232, 241 (5) (692 SE2d 828) (2010).

> Factors to be considered by the trial court are: whether a joint trial will create confusion of evidence and law; whether there is a danger that evidence implicating one defendant will be considered against a co-defendant despite limiting

instructions; and whether the defendants are asserting antagonistic defenses.

*Rhodes v. State*, 279 Ga. 587, 589 (3) (619 SE2d 659) (2005). "In considering whether a trial court abused its discretion in denying a severance, a defendant must do more than raise the possibility that a separate trial would give him a better chance of acquittal. He must make a clear showing of prejudice and a consequent denial of due process." (Citation and punctuation omitted.) *Owen v. State*, 266 Ga. 312, 314 (2) (467 SE2d 325) (1996).

Brooks has made such a clear showing of prejudice based on the fact that the jury found him guilty of crimes for which he was not even on trial. Indeed, it is hard to imagine a clearer showing of prejudice and consequent denial of due process than jurors unanimously finding a defendant guilty of offenses for which only his co-defendant had been indicted. The joint trial obviously created confusion of evidence and law for the jury, and evidence implicating Johnson was clearly considered against Brooks since he was found guilty of Johnson's crimes. Compare *Daniel v. State*, 285 Ga. 406, 409 (3) (d) (677 SE2d 120) (2009) (that joint trial did not confuse jury regarding the evidence against each defendant shown by the fact that the jury found one defendant guilty while acquitting the other); *Simmons v. State*, 282 Ga. 183, 185-186 (4) (646 SE2d 55) (2007) (no evidence that jury was misled or confused where verdict itself included appellant's acquittal for some of the charges, showing that jury fully understood law and evidence).

"[I]t is incumbent upon this court to determine whether the trial court's decision to join the trial of the co-defendants in the instant case[ ] hindered a fair determination of the guilt or innocence of [Brooks], and thus constituted a manifest abuse of discretion." *Magouirk v. State*, 158 Ga. App. 517, 518 (2) (281 SE2d 283) (1981). Because it is apparent that the joint trial hindered a fair determination of the guilt or innocence of Brooks, "and since appellant has demonstrated that he was prejudiced by joinder, we hold that the trial court abused its discretion in overruling [Brooks'] motion to sever." *Price v. State*, 155 Ga. App. 206, 207 (1) (270 SE2d 203) (1980), reversed on other grounds, 247 Ga. 58 (273 SE2d 854) (1981). See also *Burden v. State*, 131 Ga. App. 522, 523 (206 SE2d 533) (1974) (trial court erred in denying motion to sever where count of indictment against co-defendant alone involved different crime and victim).

2. An additional error in this case arises from a defective verdict form. At the time it published its verdict, the jury confirmed that it had found Brooks guilty on counts with which he was not charged. At this point, and even though Brooks did not object, the trial court had

a responsibility to intervene.

"[I]t is the duty of the trial court not only to tell the jury what the law is, but to insist that they apply it and either render a verdict on some issue submitted or else make a mistrial." (Punctuation omitted.) *State v. Freeman*, 264 Ga. 276, 277 (444 SE2d 80) (1994), citing *Register v. State*, 10 Ga. App. 623 (74 SE 429) (1911) (Powell, J., dissenting). "[A] trial court has a duty to insist on a legal verdict, that is, a verdict responsive to the issues as framed by the indictment or accusation and the evidence, and specified in the trial court's charge to the jury." Id. at 277. When a jury returns an illegal verdict, "the trial court should return the jury for further deliberation with direction to return a verdict within the range of the instructions originally given to it." Id. at 278. Because the trial court in this case did not so intervene before the dismissal of the jury, a new trial is authorized. Compare *Prater v. State*, 273 Ga. 477, 481-482 (545 SE2d 864) (2001) (reversal of conviction for felony murder based on armed robbery barred retrial on the lesser included offense of attempt to commit armed robbery).

*Judgment reversed. Phipps, P. J., concurs. Andrews, J., concurs specially.*

ANDREWS, Judge, concurring specially.

I believe that the trial court did not abuse its discretion at the time it was presented with the motion to sever, and Brooks failed to renew the motion, or to make any objection whatsoever, when the State's closing argument linked him to crimes charged only against Johnson. I agree, however, that the trial court had a responsibility to intervene when the jury returned an illegal verdict. I therefore concur only as to Division 2 and the judgment.

This record shows that the trial court granted Brooks's pre-trial motion to sever four counts against Johnson connected to the armed robbery and carjacking of one victim on November 11, 2004. The trial court denied the motion as to the counts against Johnson for armed robbery, aggravated assault and other charges as to a second victim on November 13, 2004, because the facts underlying these counts, including the co-defendants' use of a four-door sedan, were part of the res gestae concerning their rape, aggravated sodomy, and aggravated assault of a third victim on the same day. Brooks's only defense to the charges of rape and aggravated sodomy concerning the third victim was that she was a prostitute who had consented to sex with both men and that she was not a credible witness. Johnson did not take the stand in his own defense, but likewise argued that the sex was consensual and that the victim was not credible.

The record also shows that the jury was presented with a conventional verdict form as to Johnson, but that the form as to

Brooks consisted of a redacted and renumbered version of the original indictments, including counts against Johnson alone, behind a cover page with Johnson's name crossed out. When the jury presented its verdict against Brooks, including the counts against Johnson alone, Brooks raised no objection. The jury was then dismissed.

As the majority holds, we review a denial of severance only for an abuse of discretion. *Owen v. State*, 266 Ga. 312, 314 (2) (467 SE2d 325) (1996). Factors to be considered include "whether a joint trial will create confusion of evidence and law[,] whether there is a danger that evidence implicating one defendant will be considered against a co-defendant despite limiting instructions[,] and whether the defendants are asserting antagonistic defenses." *Rhodes v. State*, 279 Ga. 587, 589 (3) (619 SE2d 659) (2005).

At the time the trial court denied the motion to sever, it could not have known that the State would make an improper closing argument linking Brooks to Johnson's crimes, and Brooks has not argued, let alone shown, that the trial court erred when it reasoned that the subject matter of the common counts was part of the res gestae as to crimes committed by both men. This case involved only two defendants, and Brooks has not argued or shown that evidence concerning the events of November 13 would have been admissible as to one of the men and inadmissible as to the other or that their defenses were antagonistic. I cannot agree, then, that the trial court abused its discretion at the time it denied the motion to sever. See *Carson v. State*, 208 Ga. App. 534, 535 (1) (431 SE2d 156) (1993) (affirming denial of motion to sever in case involving only two defendants when there was no danger of confusion of evidence and when their defenses were not antagonistic).

Brooks also raised no objection when the State's closing argument linked him to offenses committed only by Johnson. "[A] defendant who, during trial, finds reasons for severance *or supporting a motion for severance previously made and overruled*, is under a duty to make *or renew* his motion for severance. He cannot sit silent and expect the trial judge to suggest severance to him." (Emphasis supplied.) *Hill v. State*, 239 Ga. 278, 281 (3) (236 SE2d 626) (1977). Only at the end of a conversation after the jury had been excused, and in the midst of considering whether a police report should go out with them, did Brooks suggest in passing that the State's argument had been improper.

For these reasons, I cannot join Division 1 of the majority opinion, but concur in Division 2 and in the judgment.

DECIDED OCTOBER 4, 2011.

*Dell Jackson*, for appellant.

*Paul L. Howard, Jr., District Attorney, Christopher M. Quinn, Assistant District Attorney*, for appellee.