**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**July 15, 2013**

# In the Court of Appeals of Georgia

A13A0569. NEWSOME v. THE STATE.

RAY, Judge.

Wehman Newsome appeals from the denial of his motion for new trial and the judgment of conviction entered on a jury verdict finding him guilty of "drug possession, sale, manufacture, with the intent to distribute." On appeal, Newsome asserts the following errors: (1) that the trial court erred in failing to strike a juror for cause; (2) that the evidence was insufficient to convict Newsome under the "equal access" doctrine; (3) that the jury's verdict form was unclear and found him guilty of crimes for which he was not charged; and (4) that his trial counsel rendered ineffective assistance by failing to object to the form of the verdict. For the following reasons, we reverse the judgment and remand the case to the trial court for a new trial.

1. We find that the evidence presented at trial was more than sufficient to allow the jury to properly convict Newsome under the lesser-included offenses as properly charged.

2. Newsome contends that the jury's verdict was illegal because it found him guilty on counts with which he was not charged. We agree.

Newsome was indicted and tried before a jury on the charge of trafficking in cocaine. After the close of evidence, the trial court instructed the jury on the charged offense and the lesser-included offenses of possession of cocaine and possession of cocaine with intent to distribute, and gave complete instructions on the presumption of innocence and the State's burden of proving guilt beyond a reasonable doubt. The jury was presented with a pre-printed jury form that provided that the jurors could find Newsome guilty or not guilty of trafficking cocaine, but the form did not provide for the lesser-included offenses charged by the trial judge. After deliberating for some time, the jury asked the following question: "[h]ow do we record a lesser charge on the verdict sheet?" The trial court instructed the jury that if they wished to find Newsome guilty of the charged lesser-included offenses, they were to strike out the words "trafficking in cocaine" from the pre-printed verdict form and hand-write either "possession of cocaine with intent to distribute" or "possession of cocaine." The jury

was sent back for further deliberations, and they then returned a partially hand-written verdict form stating: "[W]e the jury, find the Defendant . . . Guilty [of] drug possession, sale, manufacture, with the intent to distribute." The jury foreman orally stated that the jury found Newsome not guilty as to the offense of trafficking in cocaine. Counsel for both the defense and the prosecution were allowed to examine the verdict form. No objections were made by the prosecution or the defense counsel, and it was published in open court. The trial court then dismissed the jury.

At Newsome's sentencing hearing, the trial court determined that the language of the jury's verdict form meant that they intended to find Newsome guilty of possession with intent to distribute. Newsome was then sentenced on that charge to thirty years, with fifteen to serve in custody and the balance on probation.

In *State v. Freeman*, 264 Ga. 276 (444 SE2d 80) (1994), our Supreme Court held that

> [j]urors have a duty to take the law from the trial court's instructions and apply it to the facts which they determine from the evidence adduced at trial . . . [and] it is the duty of the trial court not only to tell the jury what the law is, but to insist that they apply it and either render a verdict on some issue submitted or else make a mistrial.

(Citations and punctuation omitted.) Id. at 277. The *Freeman* Court further held that the trial court "has a duty to insist on a legal verdict, that is, a verdict responsive to the issues as framed by the indictment or accusation and the evidence, and specified in the trial court's charge to the jury." Id. at 277-278.

In the present case, Newsome was not charged with the sale or manufacture of cocaine. Although the trial court in the present case evaluated the jury's verdict form and determined that the jury meant to convict Newsome with possession of cocaine with intent to distribute, a lesser-included offense that was properly charged to the jury, this was not an appropriate method of resolving the jury's illegal verdict.[1] Rather, the *Freeman* Court instructed that the proper procedure "is for the trial court and counsel to review the verdict prior to its publication in open court, and if the verdict is not proper in that it finds the defendant guilty of an offense with regard to which the trial court did not instruct the jury," the trial court should send the jury to continue their deliberations with instructions to return a verdict consistent with the jury instructions provided to them at the close of evidence. Id. at 278. Accord *Brooks v. State*, 311 Ga. App. 857, 859-860 (2) (717 SE2d 490) (2011) (when a jury renders

---

[1]In so ruling that the trial erred, we understand that the trial court was acting in good faith and attempting to salvage the jury's verdict that came after much consideration, deliberation, and sacrifice by these empaneled citizens.

4

a verdict on counts with which a defendant was not charged, a trial court has a duty to intervene even where defense counsel fails to object). See also *Robinson v. State*, 282 Ga. App. 214, 214-215 (638 SE2d 370) (2006) (trial court correctly refused to accept jury's verdict finding defendant "guilty with reasonable doubt," and required the jury to resume deliberations to cure the defect). "Because the trial court in this case did not so intervene before the dismissal of the jury, a new trial is authorized." *Brooks*, supra at 860 (2). Accordingly, we reverse and remand the case to the trial court for a new trial.

3. In light of our holding in Division 2, we need not address the appellant's remaining enumerations.

*Judgment reversed and case remanded. Barnes, P. J., and Miller, J., concur.*