S94A0195. LEMAY v. THE STATE.
S94A0353. TIDWELL v. THE STATE.
(443 SE2d 274)

THOMPSON, Justice.

Co-defendants Michael Edward Lemay and Robert Carl Tidwell were jointly charged in count one of a multi-count indictment with both malice murder and felony murder while in the commission of an armed robbery and burglary, resulting in the fatal stabbing and slashing of a single victim, Dr. Cecil Grogan.[1] In the remaining counts, Le-

---

[1] Co-defendant John Richard Lemay was charged in the same indictment with malice

may and Tidwell were jointly charged with armed robbery, and burglary. Tidwell was also charged with making a false statement to Cobb County police officers, and each was named in separate counts with possession of a firearm by a convicted felon. Lemay entered a plea of guilty to the latter offense and Tidwell was convicted of the possession offense in a bifurcated proceeding. Both were found guilty by a jury of all remaining charges.[2]

As to both defendants, the trial court imposed a life sentence for the malice murder conviction, merging the felony murder conviction. Each also received a consecutive life sentence for the armed robbery conviction and were sentenced to a term of years on the remaining convictions.

The victim's nude body was found covered with blood in the bedroom of his home. Death had resulted from numerous stab wounds inflicted with a large knife and slash wounds of the throat and jugular vein inflicted with a razor. The medical examiner testified that defensive injuries present on the victim's hands were indicative of efforts to fight off the attack, and that he may have survived up to 30 minutes following the attack. The time of death was established at sometime between midnight and 3:00 a.m.

A hunting knife consistent with the stabbing weapon was found covered with the victim's blood on the living room floor. It was identified as belonging to Tidwell who had been seen carrying it on the night of the stabbing. The third defendant was seen in possession of a straight-edge razor on that night. The victim's bedroom had been ransacked; several handguns had been taken from the home along with money, jewelry and a card case. The victim's automobile had been entered and certain personal property removed.

A trail of blood led police to a mobile home park located behind the victim's property and to a duplex occupied by Lemay, Tidwell and their accomplice. Another resident of the mobile home park observed three men walking along a path from defendants' duplex to the victim's home at around 12:30 a.m. on the morning of the killing. One man was heard to say, "I want to get him first." Another responded, "No, I want him first." Thirty minutes later the neighbor observed

---

murder, felony murder, armed robbery and burglary. The State sought the death penalty against him and he was tried separately.

[2] The crimes occurred on February 19, 1991. Defendants were indicted on October 17, 1991 and tried on April 20-28, 1992. They were found guilty as charged on April 28, 1992 and sentenced on the same date. A motion for new trial was filed by Lemay on May 6, 1992 and amended on May 3, 1993; and by Tidwell on May 7, 1992 and amended on October 7, 1992. All motions were denied on August 31, 1993. Lemay's notice of appeal was filed on September 23, 1993 and amended on November 4, 1993. His appeal was docketed on November 8, 1993; the Court heard oral arguments on February 14, 1994. Tidwell filed his notice of appeal on September 20, 1993. The appeal was docketed on December 8, 1993; oral arguments were heard on February 22, 1994.

the three defendants running back toward the duplex. When taken into custody later that day, Lemay was found in possession of a .45 caliber gun belonging to the victim.

It was also established that the three defendants had occupied a rental apartment owned by the victim and located adjacent to his home, until they had been evicted about a year before the killing. Tidwell admitted to his cellmate in the Cobb County Jail that he had been at the victim's residence at the time of the killing and that they had gone there "to rob the house."

1. In his sole enumeration of error, Lemay contends that the life sentence imposed for armed robbery should be set aside as a lesser included offense of the murder conviction.

With respect to the armed robbery count, the indictment alleged that defendants "with intent to commit theft, did unlawfully take . . . one .45 caliber pistol, from the person and immediate presence of Cecil Grogan by use of . . . a knife and razor . . . ." Armed robbery is not a lesser included offense as a matter of law of the offense of malice murder. *Brown v. State*, 251 Ga. 598 (2) (308 SE2d 182) (1983). We thus consider whether the armed robbery conviction merged, as a matter of fact, into the valid malice murder conviction under OCGA § 16-1-6. In so doing, we look to the actual evidence introduced at trial to determine whether a crime is established by proof of the same or less than all the facts required to establish the commission of another crime within the meaning of OCGA § 16-1-6.

There was evidence that the three perpetrators contemplated both murder and armed robbery when they embarked on their criminal venture and that defendants were knowing participants in both crimes. The pistol subsequently found in Lemay's possession was the property taken from the victim which formed the basis for the armed robbery charge. We find no factual merger between the malice murder and aggravated assault convictions. The armed robbery was not a lesser included offense of malice murder under OCGA § 16-1-6. Accord *Hutchins v. State*, 261 Ga. 366 (3) (404 SE2d 548) (1991). Compare *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993).

2. Tidwell contends that the state impermissibly placed his character in issue on two occasions. First, when a state's witness testified concerning an incident when Tidwell had been drunk and threw a knife over her head, stating: "If I wanted to hit you. . . I'd have hit you where I wanted to." The witness had also testified without objection that the knife removed from the victim's home belonged to Tidwell; that she had seen him carrying it on numerous occasions, including the night of the killing, and that it, was his propensity to throw it at objects. The allegedly objectionable testimony was relevant to show Tidwell's proficiency in using the knife. It was admissible even if it incidentally reflected on his character. *Crane v. State*, 263 Ga. 518 (2)

(436 SE2d 216) (1993).

Tidwell testified in his own defense. When questioned on direct examination concerning the events surrounding his arrest, he testified that on the night following the killing he had been visiting a friend named Roger Hunter who gave him a ride home to the trailer park. When they pulled into the driveway, Tidwell saw police cars at his duplex and asked a bystander "what was going on." He was told that the police were looking for him. On cross-examination, Tidwell was asked, "[D]idn't you tell Roger Hunter that when you saw the police there that they were looking for you?" He responded, "No. I said that . . . I was in violation of probation in Nashville and they — they wanted me there."

"[I]t was [Tidwell] who introduced his character into evidence by discussing his criminal record in the response he chose to give to the prosecutor's proper cross-examination as to [his] direct examination testimony." *Mitchell v. State*, 193 Ga. App. 214, 216 (2) (387 SE2d 425) (1989). His motion for mistrial was properly denied.

3. Any reference to the parole board was initiated by defendants' counsel and pertained to a testifying witness, not to the defendants on trial. There was no violation of OCGA § 17-8-76.

4. Tidwell challenges the trial court's instruction that should the jury find from the entire evidence that a defendant is guilty beyond a reasonable doubt of any offense charged, "it would be your duty to convict him of such offense." We reiterate our criticism of this charge as stated in *Sutton v. State*, 262 Ga. 181 (1) (415 SE2d 627) (1992) (see also dissent of Justice Sears-Collins), but find no reversible error. Considered in the context of the charge as a whole, the single objectionable phrase did not misdirect the jury concerning their lawful obligations. Accord *Caldwell v. State*, 263 Ga. 560 (7) (436 SE2d 488) (1993).

5. The jury was authorized to find Lemay and Tidwell guilty beyond a reasonable doubt of the crimes for which they were convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgments affirmed. All the Justices concur.*

DECIDED MAY 16, 1994 —
RECONSIDERATION DENIED JUNE 10, 1994.

*Cauthorn & Phillips, Thomas E. Cauthorn III,* for appellant (case no. S94A0195).

*Richard O. Allen,* for appellant (case no. S94A0353).

*Thomas J. Charron, District Attorney, Jack E. Mallard, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Rachelle L. Strausner, Assistant Attorney General,* for

appellee.

