## A95A2764. HELTON v. THE STATE.
### (466 SE2d 690)

McMurray, Presiding Judge.

Defendant Helton appeals his conviction of the offenses of arson in the first degree and arson in the second degree. *Held*:

1. The first two enumerations of error question the sufficiency of the evidence to authorize defendant's conviction. In reviewing these enumerations of error we must view the evidence presented at trial in the light most favorable to upholding the verdict of the jury. *Cleveland v. State*, 212 Ga. App. 361 (441 SE2d 820).

Viewed in this manner, the evidence shows that defendant participated in setting fire to a house rented by Virginia Hill and to her car, which was parked nearby. One of Virginia Hill's sons was involved in a dispute with co-defendant Slaughter, who paid defendant and co-defendant Powell to set the fires.

Shortly prior to the time of the fire, defendant and co-defendant Powell were driven to a gas station where they purchased gas and were dropped off a few blocks from the scene of the fire with a plastic jug of gasoline. After being dropped off they were seen by other witnesses near the scene of the fire.

Co-defendant Powell entered a plea of guilty to arson in the second degree and testified on behalf of the State that he and defendant went to Virginia Hill's home with a jug of gasoline and set fire to her car. An expert in fire investigation testified that the vehicle fire never went beyond the hood of the car and that the house fire was of a separate origin. The fire investigation expert also testified that there was a strong odor of gasoline around both the vehicle and the front porch of the house which had been on fire, and opined that the rapidity of the fire and the large surface area to which it had spread indicated that an accelerant was probably used to advance the house fire.

The conviction of arson in the first degree was based on defendant setting fire to the house under circumstances that it was foreseeable that human life might be endangered. The time of the fire, past midnight, plus the fact that the house was occupied by sleeping residents thereof was sufficient evidence of the potential for danger to human life. Contrary to defendant's argument the evidence shows

that the house fire was a second deliberate fire and not an accidental result of the car fire; therefore, defendant's reliance on *Altman v. State*, 156 Ga. App. 185, 186 (1) (273 SE2d 923) is misplaced. The circumstantial evidence that defendant participated in setting the house fire is sufficient to exclude any reasonable hypothesis other than the guilt of defendant. Also there was ample evidence to authorize defendant's conviction of arson in the second degree for the car fire. A rational trier of fact was authorized to find defendant guilty beyond a reasonable doubt of the crimes of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

While defendant was convicted of arson in the second degree in connection with the car fire, the indictment charged him with arson in the first degree for that crime. Defendant enumerates as error the denial of his motion for a directed verdict of acquittal as to the charge of arson in the first degree arising from the car fire. Assuming, as defendant maintains, that there was insufficient evidence to support a conviction for arson in the first degree in connection with the car fire, any error would relate only to the charge of arson in the first degree and not to the lesser included offense of arson in the second degree as to which we have found there was sufficient evidence to authorize conviction of defendant. But any such error was rendered harmless by defendant's acquittal of arson in the first degree in connection with the car fire. *Kilgore v. State*, 195 Ga. App. 884, 886 (10) (395 SE2d 337). This enumeration of error is without merit.

2. We find no merit in defendant's contention that the trial court erred in admitting testimony concerning crack cocaine being given to defendant. While this evidence of another crime would generally be inadmissible, there was no error here since the cocaine was received by defendant in partial payment for committing the crimes with which defendant is charged. The testimony concerning the cocaine was thus admissible as part of the res gestae of the crime. *Satterfield v. State*, 256 Ga. 593, 598 (6) (351 SE2d 625).

3. The remaining enumeration of error contends that the trial court erred when the court misstated the offense with which defendant was charged due to a slip of the tongue. The misstatement that defendant was charged with violations of the Georgia Controlled Substances Act was an obvious slip of the tongue, was immediately corrected, and could not have misled or confused the jury. *Manley v. State*, 187 Ga. App. 773, 777 (7) (371 SE2d 438).

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED JANUARY 10, 1996.

*Johnson, Beckman & Dangle, Thomas E. Parmer*, for appellant. *Peter J. Skandalakis, District Attorney, Jeffery W. Hunt, Assis-*

*tant District Attorney,* for appellee.