## S99A1162. EVANS v. THE STATE.
### (523 SE2d 850)

HINES, Justice.

Larry Evans appeals his convictions for malice murder, felony murder, armed robbery, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon in connection with the death of Roderick Tillman. For the reasons which follow, we affirm.[1]

Construed to support the verdicts, the evidence showed that Evans, Tillman, Washington and Johnson were patronizing various bars and nightclubs the night of March 11-12, 1995. While Tillman was dancing with Johnson, Evans told Washington that he understood Tillman had a lot of money, and that he intended to rob and kill Tillman later that night. Washington, because of the atmosphere and alcohol involved, did not give the statement much credence at the time. The group decided to go home and Evans instructed Washington, who was driving, where to leave him and Tillman; this location was a few feet from where Tillman's body was later found.

Washington and Johnson went to another bar, stayed ten or fifteen minutes, and then saw Evans on the street a few hundred feet from where they had left him. He was sweating profusely, asked for a ride home, and stated that Tillman had left him to go home. A few hours later, at approximately 6:45 a.m., Evans encountered Eugene Berry, a cousin of Tillman's. Evans told Berry that he was sorry about his cousin. Evans started crying, but Berry had no idea what Evans was talking about. Later that day, Berry learned that Tillman had been killed the night before.

At approximately 7:00 a.m., Tillman's body was discovered alongside a road. Tillman had no money on him, his pockets were slightly pulled out, and his socks (where he frequently carried cash) were pulled down. He had suffered a single fatal gunshot wound to the left temple, fired at close range. A five-dollar bill was near the body. A spent pistol cartridge was also near the body, but no weapon

---

[1] The crimes occurred in the early morning of March 12, 1995. On April 25, 1995, a Richmond County grand jury indicted Evans for malice murder, felony murder in the commission of aggravated assault, armed robbery, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon. Evans was tried before a jury November 27-30, 1995, and was found guilty on all counts. On December 19, 1995, he was sentenced to life imprisonment for malice murder, life for armed robbery, and two five-year sentences for the firearm possession charges, all sentences to run consecutively; the felony murder conviction was vacated by operation of law. See *Malcolm v. State*, 263 Ga. 369, 372 (4) (434 SE2d 479) (1993). Evans filed a motion for new trial on January 10, 1996, which was amended on April 24, 1997, and again on March 24, 1998. The motion for new trial was denied on April 28, 1998, and Evans filed a notice of appeal on May 8, 1998. The appeal was docketed in this Court on May 6, 1999, and submitted for decision without oral argument on June 28, 1999.

was found.

Evans testified that he saw Tillman with a considerable amount of money the night before Tillman was killed. He also testified that he had been in the company of Washington, Johnson, and Tillman the night of the killing, but denied being in the automobile with them after they left the nightclubs.

1. Evans contends the evidence is insufficient to support the convictions, for a variety of reasons. He argues that the evidence is not strong enough to allow the jury to conclude that the State's version of events was correct, but resolving evidentiary conflicts and inconsistencies and assessing witness credibility are the province of the factfinder. *Berry v. State*, 268 Ga. 437, 438 (1) (490 SE2d 389) (1997). Evans urges that there is no evidence of armed robbery in that no property was shown to have been taken. However, there was evidence showing that Tillman had an undetermined amount of cash on his person before the shooting, and that he frequently wore jewelry that was not present on his body. Thus, the jury was authorized to infer that Tillman's property had been taken.

Evans also contends that the evidence was as consistent with a suicide as it was with murder. See OCGA § 24-4-6. Although the pathologist who performed the autopsy on Tillman's body could not conclusively state whether the fatal wound was caused by Tillman himself or another person, the pathologist also testified that he was 90 percent certain that the wound was caused by someone other than Tillman, and no weapon was found near the body. Whether suicide is a reasonable hypothesis was a question for the jury and where circumstantial evidence is sufficient to exclude every reasonable hypothesis save that of the homicide at the hands of the accused, this Court will not disturb the guilty verdict unless it is unsupportable as a matter of law. *Roper v. State*, 263 Ga. 201 (1) (429 SE2d 668) (1993). Similarly, it was for the jury to determine whether evidence that one of the nightclubs the group visited employed a metal detector, and that Evans did not know the machine was inoperable that night, compelled the conclusion that Evans did not possess a pistol on the night of the murder.

The evidence authorized the jury to conclude that Evans was guilty of the crimes of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Evans contends his trial counsel was ineffective in failing to object to the court's sentencing Evans to life in prison on the armed robbery charge. See *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). Evans argues that this sentence should have merged with the murder sentence, but that is not the case. Evans was sentenced to life imprisonment for malice murder. His felony murder conviction was predicated on aggravated assault, and it

was vacated by operation of law because of the conviction of malice murder. Armed robbery was a separate charge, was not a basis for the felony murder conviction, and there is no merger as a matter of law. *Lemay v. State*, 264 Ga. 263, 265 (1) (443 SE2d 274) (1994). Nor is there any factual merger. See OCGA § 16-1-6 (1); *Lemay*, supra. Each crime is established by proving additional elements to those needed to establish the other crime. See *Cash v. State*, 258 Ga. 460, 462 (1) (368 SE2d 756) (1988); *Williams v. State*, 250 Ga. 553, 562, n. 9 (300 SE2d 301) (1983). Although there was no direct evidence of the manner in which the armed robbery and malice murder occurred, the jury could reasonably believe that one crime was completed before the other. See *Smith v. State*, 258 Ga. 181, 183 (4) (366 SE2d 763) (1988); *Hambrick v. State*, 256 Ga. 148, 150 (4) (344 SE2d 639) (1986).

*Judgments affirmed. All the Justices concur.*

DECIDED NOVEMBER 1, 1999.

*Stanley C. House,* for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Adam M. Hames, Assistant Attorney General,* for appellee.