A99A2084. PARKS v. THE STATE.
(526 SE2d 893)

PHIPPS, Judge.

Parks was convicted of committing rape and aggravated sodomy on J. A., of engaging in sodomy with M. M., and other offenses. In this appeal of his convictions, Parks contends that the court erred in admitting evidence concerning post-rape medical efforts to prevent transmission of the AIDS virus to J. A. He raises other issues concerning the constitutionality of his sodomy conviction, the denial of his motion for directed verdict, and the correctness of various jury instructions. We find no reversible error and affirm.

An indictment was returned charging Parks with the rape and kidnapping of M. M. and J. A., two counts of aggravated assault by pointing a shotgun at the victims, and four counts of aggravated sodomy by forcing each victim to perform both oral and anal sodomy with him. The jury returned a verdict finding Parks guilty of simple battery on M. M. as a lesser included offense of rape, guilty of rape of J. A., guilty of simple assaults on M. M. and J. A. as lesser included offenses of the aggravated assaults, not guilty of aggravated oral sodomy on M. M. but guilty of sodomy as a lesser included offense of the anal sodomy on M. M., guilty of aggravated oral and anal sodomy on J. A., and guilty of false imprisonment of the victims as lesser included offenses of kidnapping.

Parks and M. M. met at Charter Peachford Hospital in Atlanta. M. M. was HIV positive when she and Parks became romantically involved. Now Parks is also HIV positive. Although he and M. M. were ending their relationship, M. M. agreed to go to his house. She

was accompanied by her friend J. A. When they arrived, Parks was intoxicated and complained that M. M. had ruined his life by giving him the AIDS virus. In short order, he punched M. M. in the face thereby fracturing her nose, brandished a shotgun, and forced her and J. A. to get back into their car and drive to a secluded area. M. M. drove, J. A. sat in the front seat, and Parks sat in the rear of the car holding the shotgun. En route, he punched J. A. in the face. His stated intent was to torture and humiliate both women.

When the group arrived at their destination, Parks forced J. A. to perform oral sodomy upon him by sticking the shotgun into her stomach and threatening to kill her if she did not do as he instructed. J. A. knew that Parks was HIV positive and begged him to have sex with M. M. instead. Although M. M. was agreeable, Parks insisted on J. A.'s performance of the sexual act. Afterward, they drove back to Parks's house. En route, Parks forced J. A. to remove her clothes. After they parked the car in Parks's driveway, he coerced J. A. into getting into the back seat and engaging in vaginal and then anal sex by threatening that he would otherwise kill M. M. At one point, Parks became frustrated with J. A.'s performance, instructed M. M. to get into the back seat, and had vaginal and anal intercourse with her. Although M. M. characterized her sexual activity with Parks as consensual, she testified that she did it so he would leave J. A. alone. J. A. testified that as all this was happening, people were milling about in the driveway. One even peered into the car and observed what was taking place, but would not render any assistance although she mouthed the word help. At least one of the car's windows was down.

According to Parks, both M. M. and J. A. voluntarily engaged in the previously described sexual activities with him after he assured J. A. he would not ejaculate and offered both women money.

The victims went from Parks's house to the police station and then to the hospital. J. A. was described as "hysterical." A pelvic examination revealed that her vagina was teeming with motile sperm. Over objection, the prosecution was allowed to show that J. A. agreed to take the drug AZT for a period of six months in an attempt to prevent transmission of the AIDS virus, even though the drug has negative side effects and has not been proven effective.

1. Parks challenges the constitutionality of his conviction of sodomy under *Powell v. State*.[1]

After this case was tried, *Powell* did hold that under the Georgia Constitution's protection of the right of privacy, the state legislature cannot regulate private sexual conduct of consenting adults via Geor-

---

[1] 270 Ga. 327, 328 (3) (510 SE2d 18) (1998).

gia's sodomy statute. But *Powell* clearly noted that this right of privacy does not protect sexual activity performed in a public place, in exchange for money, or with force and against the will of the participant.[2]

Although the jury by its verdict found that the State did not prove beyond a reasonable doubt that the sodomy was forceful and against M. M.'s will, the evidence authorized the jury to find that the act of sodomy was performed in a public place, and the verdict is not inconsistent with such a finding. According to Parks, M. M. performed sodomy on him in exchange for money. In either event, the act was beyond the ambit of constitutional protection.

2. Parks contends that the trial court erred in denying his motion for directed verdict on the counts of the indictment charging him with raping M. M. and committing aggravated anal sodomy upon her.

Parks argues that the evidence shows without dispute that any sexual activity between him and M. M. was with her consent. Even if this were so, Parks was found guilty of committing a simple battery on M. M. as a lesser included offense of rape and of sodomy as a lesser included offense of aggravated sodomy. Because the evidence is indisputably sufficient to establish Parks's guilt of the lesser included offenses, any error by the court in denying Parks's motion for directed verdict on the greater offenses would have been harmless.[3]

3. Parks contends that the court gave duplicative instructions when it charged the jury that (1) a fear of bodily injury may result in an act of sexual intercourse being non-consensual, and (2) a threat of bodily injury may supply the element of force for the crime of rape. There is no merit in this contention, as force and lack of consent are two distinct elements of rape.[4]

4. Parks charges the court with error in admitting evidence that J. A. took the drug AZT.

The court did not abuse its discretion in finding that evidence of J. A.'s decision to submit to this drug regimen, despite its negative side effects and unproven effectiveness, tended to show that she would not have voluntarily consented to unprotected sex with Parks knowing that he was HIV positive. Moreover, we do not find the evidence harmful to Parks as it left the jury with the impression that J. A. might not have contracted the AIDS virus.

5. In reliance on *Kunselman v. State*,[5] Parks contends that the

[2] Id. at 332.
[3] See *Helton v. State*, 219 Ga. App. 826, 827 (1) (466 SE2d 690) (1996).
[4] *House v. State*, 236 Ga. App. 405, 408 (1) (512 SE2d 287) (1999).
[5] 232 Ga. App. 323, 324 (1) (501 SE2d 834) (1998).

court gave an incorrect sequential charge to the jury on the greater and lesser included offenses.

The court charged the jury that "should you find the defendant not guilty of [the greater offense] or should you have a reasonable doubt as to his guilt of that offense, you would be authorized to determine whether he is guilty of the lesser included offense. . . ."

We find *Kunselman* distinguishable. *Kunselman* disapproved a charge which in effect required the jury to render a unanimous verdict of not guilty on the greater offense before considering the lesser included offense.[6] The court in *Kunselman* distinguished that charge from the pattern instruction on lesser included offenses, which requires only a finding that the jurors do not believe beyond a reasonable doubt that the defendant is guilty of the greater offense. The charge in this case is more akin to the pattern instruction than to the one condemned in *Kunselman*. The charge here is not objectionable, because it correctly incorporates the "reasonable doubt" standard.

*Judgment affirmed. Johnson, C. J., and McMurray, P. J., concur.*

DECIDED DECEMBER 9, 1999.

*Sarina J. Woods*, for appellant.
*Paul L. Howard, Jr., District Attorney, Elizabeth A. Baker, Assistant District Attorney*, for appellee.

[6] Id., citing *Cantrell v. State*, 266 Ga. 700 (469 SE2d 660) (1996).