A02A0688. CLIMPSON v. THE STATE.
A02A0689. DABNEY v. THE STATE.
(559 SE2d 495)

ELDRIDGE, Judge.

A Clayton County jury found Joel Climpson and Gregory Dabney II guilty of attempted burglary, which charge arose when, at approximately 4:00 a.m. on September 16, 2000, they broke through the cinder block wall of a Kaufman Tire warehouse on Cordell Drive in College Park.[1] They appeal, challenging the sufficiency of the evidence to support their convictions. In addition, Dabney claims that the arresting officer improperly commented during trial on Dabney's right to remain silent in violation of state and federal constitutional provisions. Because the evidence is sufficient to support the convictions in this case and because the testimony about which Dabney complains was not a comment on the exercise of Dabney's constitutional right to remain silent, we affirm.

1. Both appellants challenge the sufficiency of the evidence supporting the offense for which they were convicted. When assessing the sufficiency of evidence to support a criminal conviction, this Court does not weigh or evaluate the evidence for itself, nor do we resolve conflicts concerning the evidence. Rather, we examine the evidence in its entirety in a light most favorable to the verdict to determine whether any rational trier of fact could have found the accused guilty beyond a reasonable doubt.[2]

In that regard and in a light most favorable to the verdict, the evidence shows that Clayton County police officers responded to a 911 call that was made by the Sonitrol alarm company when a monitoring system in the Kaufman Tire warehouse detected an irregular noise. Officers arrived on the scene without bar lights or sirens and with their vehicle headlights turned off. As the officers investigated the building, a loud pounding was repeatedly heard. Upon approaching the rear of the building, appellant Dabney was found standing near a four-foot hole in the cinder block wall of the warehouse; he was covered in cinder block dust and wearing work gloves that were caked with cinder block dust. At the time of arrest, Dabney spontaneously stated to the arresting officer, "You ain't got nothing on me. I was just back there using the bathroom."

During this time, appellant Climpson was found lying in a fetal position on the front seat of a large U-Haul truck parked across the street from the warehouse; beside him on the floorboard were two claw hammers, a crowbar, a flashlight, and a work glove; all were

---

[1] The appellants were indicted for burglary but were found guilty of the lesser included offense of attempted burglary.

[2] *Horne v. State*, 237 Ga. App. 844, 845 (1) (517 SE2d 74) (1999).

covered with cinder block dust. Climpson was also in possession of Dabney's wallet with identification inside. When the officers directed Climpson's attention to Dabney, he initially told the officers that he did not know Dabney and that he was sleeping in the U-Haul at 4:00 a.m. because he had a fight with his girlfriend. The hood of the U-Haul was still warm, and the evidence was that Climpson did not look like he had been sleeping: "He was alert, his eyes weren't red, he wasn't sluggish." Climpson had cinder block dust on his pants.

We find this evidence sufficient for a rational trier of fact to have found beyond a reasonable doubt that Climpson and Dabney, with the requisite intent to commit a burglary, took a substantial step toward completing that offense by breaking through the cinder block wall of the Kaufman Tire warehouse; consequently, the evidence supports their conviction for attempted burglary pursuant to OCGA §§ 16-4-1 and 16-4-3. It was not necessary that the offense of attempted burglary be charged in the indictment in order for appellants to be found guilty thereof.[3] And we reject the contention that because nothing was taken, there was insufficient evidence of the intent to commit a theft.

> The intention with which an act is done is peculiarly for the jury or finder of fact. It is often difficult to prove with direct evidence an individual's intent as it existed at the time of the act for which they are being prosecuted. Therefore, it is often necessary to prove such intent through the use of circumstantial evidence. Intent, which is a mental attitude, is commonly detectible only inferentially, and the law accommodates this.[4]

In this case, the evidence clearly supports the conclusion that appellants would not have exerted the effort to breach the warehouse's cinder block wall unless there was an intent to take something inside.

Further, while the evidence against Climpson is more circumstantial, his proximity to the scene; the cinder block dust on his pants; his possession of the type of tools appropriate for creating a hole in cinder block; the fact that the tools were covered in cinder block dust; his possession of Dabney's wallet and ID; his denial that he knew Dabney; the fact that his "sleeping in the truck" explanation was not borne out by his appearance; and the fact that Dabney had no other visible means of transportation to or from the scene provide sufficient circumstantial evidence for a jury to conclude beyond a rea-

---

[3] OCGA § 16-4-3.

[4] (Citations and punctuation omitted.) *In the Interest of G. J.*, 251 Ga. App. 299-300 (554 SE2d 269) (2001).

sonable doubt that Climpson was a party to the crime of the attempted burglary of the warehouse. Whether the evidence excludes every other reasonable hypothesis except that of guilt is a jury question. "If a jury is authorized to find that the evidence, circumstantial though it may be, is sufficient to exclude every reasonable hypothesis save that of guilt, the verdict of the jury will not be disturbed by the appellate court unless the verdict is insupportable as a matter of law."[5] The verdict is supported by the evidence in this case.

Climpson and Dabney also claim that the trial court erred in denying their motions for directed verdict on the indicted offense of burglary because the State failed to prove that there was an entry into the warehouse so as to support such offense; thus, they contend the offense of burglary was improperly submitted to the jury.

We disagree that there was no evidence demonstrating entry into the warehouse building. The investigating officers were able to enter the building through the hole made by Climpson and Dabney; therein, they found that an emergency exit that could be opened only from the inside, and which was secured prior to setting the alarm at the close of business the previous day, was standing ajar with its safety bar on the floor. However, pretermitting these facts,

> the lesser included charge . . . would have still reached the jury. [Appellants'] indictment for [burglary] put [them] on notice that [they] might be convicted of the lesser included offense as set forth in OCGA § 16-1-6. This statute provides: "An accused may be convicted of a crime included in a crime charged in the indictment or accusation." Therefore, [appellants'] contention lacks merit, and the jury appropriately considered the charge of [attempted burglary].[6]

2. There was testimony at trial that, at the time of his arrest and prior to *Miranda*[7] warnings, Dabney spontaneously told the arresting officer that he had been urinating around the back of the warehouse building. When the officer asked him where he had been urinating, Dabney did not respond. Dabney claims that the testimony referencing his failure to respond to the officer's inquiry was an improper comment on his constitutional right to remain silent. We disagree.

At trial, Dabney's defense was alibi in that he did not have time

---

[5] (Citations and punctuation omitted.) *White v. State*, 263 Ga. 94, 97 (1) (428 SE2d 789) (1993); *Evans v. State*, 271 Ga. 614, 615 (1) (523 SE2d 850) (1999).

[6] *Mills v. State*, 244 Ga. App. 28, 30 (2) (535 SE2d 1) (2000); *Parks v. State*, 241 Ga. App. 381, 383 (2) (526 SE2d 893) (1999).

[7] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

to create a four-foot hole in the warehouse's cinder block wall because he had been eating at a Waffle House just prior to his arrest. In furtherance of this defense, Dabney, who did not testify, called to the stand a waitress from the Waffle House on Old National Highway who testified that at 3:50 a.m., just prior to the 4:05 alarm call, Dabney was eating in the restaurant. Thereafter, Dabney relied on his statement to the police that he had been on the Kaufman Tire property in order to urinate when he was subsequently stopped by the police; he claimed that such explanation for his presence on the scene was the most logical in light of his alibi witness' testimony. Accordingly, we do not construe the complained-of testimony as an improper comment on Dabney's right to remain silent. Dabney was not silent but gave the police an exculpatory explanation for his presencê. His failure to respond to the officer's question as to where he urinated cannot be taken as an "admission" or a "negation" of the fact that he urinated, and Dabney continued to rely on such exculpatory explanation at trial.[8]

Even assuming that the arresting officer's statement was improper, it would be harmless.

> Improper reference to a defendant's silence does not automatically require reversal; the error may be found to be harmless beyond a reasonable doubt. The determination of harmless error must be made on a case by case basis, taking into consideration the facts, the trial context of the error, and the prejudice created thereby as juxtaposed against the strength of the evidence of defendant's guilt.[9]

Here, Dabney was found covered with cinder block dust, wearing work gloves caked with cinder block dust, and standing near a hole in the cinder block wall of the Kaufman Tire warehouse. All of these undisputed facts preclude his alibi that he was simply urinating behind the warehouse after eating at the Waffle House and, instead, directly establish that he put the hole in the cinder block wall. Moreover, Dabney's alibi witness admitted during cross-examination that she told the State's investigator she did not recall the exact date on which Dabney was eating at the Waffle House; she knew only that it was "sometime in September," after she had been released from prison in late August. A certified copy of her conviction for forgery was put before the jury. "Finally, the record does not demonstrate,

---

[8] See generally *Mallory v. State*, 261 Ga. 625, 629-630 (5) (409 SE2d 839) (1991). See also *Gordon v. State*, 273 Ga. 373, 378 (4) (d) (541 SE2d 376) (2001).

[9] (Citations and punctuation omitted.) *Allen v. State*, 272 Ga. 513, 515-516 (5) (530 SE2d 186) (2000).

and [Dabney] does not assert, that the prosecutor attempted to take advantage of [his] pre-trial silence during closing arguments."[10]

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED JANUARY 25, 2002 —

*Yvonne Hawks,* for appellant (case no. A02A0688).
*Shandor S. Badaruddin,* for appellant (case no. A02A0689).
*Robert E. Keller, District Attorney, Adrian Britt, Assistant District Attorney,* for appellee.

---

[10] *Williams v. State,* 268 Ga. 452, 455 (3) (490 SE2d 381) (1997).
[1] Douglas LaRosa is the son of Joseph LaRosa.