A03A1552. THOMPSON v. THE STATE.
(586 SE2d 367)

ELLINGTON, Judge.

A Muscogee County jury convicted Andre Thompson of robbery, OCGA § 16-8-40 (a) (2). He appeals the denial of his motion for new trial, contending the evidence was insufficient to support his conviction and challenging the trial court's instruction on lesser included offenses. Finding no error, we affirm.

1. Thompson contends there was insufficient evidence that he threatened the victim with physical harm. In order to prove robbery under the facts as alleged in the indictment, the State had to show that Thompson took property from the victim through the use of a threat to physically harm her. See OCGA § 16-8-40 (a) (2).

When a defendant challenges the sufficiency of the evidence on appeal, this Court views the evidence presented in the light most favorable to the jury's verdict, and does not weigh the evidence or judge the witnesses' credibility. *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979). We determine only whether there was sufficient evidence for any rational trier of fact to find the defendant guilty beyond a reasonable doubt of the crimes charged. Id.

Viewed in this light, the evidence showed that on the evening of December 3, 2000, Thompson's girlfriend at that time, Sameesha Johnson, worked at a Columbus Subway store with her co-worker,

the victim. Thompson came to the store and went to the office with Johnson for approximately 30 minutes. Thompson left the store, but returned shortly before closing time, when no customers were in the store. He ordered the victim to give him the money from the cash register, threatening that he would hurt her if she did not cooperate. The victim gave Thompson approximately $300 from the cash register. Johnson let Thompson out the back door, then told the victim to lie on the floor and threatened to beat her up if she did not go along with the robbery. Johnson told the victim not to activate the alarm until Thompson was gone, then joined the victim on the floor.

When police officers arrived, the victim was "hysterical and crying" and "unusually upset." Johnson told the officers that an armed man wearing gloves and a ski mask came in the front door and robbed the store, and the victim backed up her story because she was "supposed to." Two days later, officers interviewed the victim again, and she told them that Johnson and Thompson had "dreamed it up together" to make it look like the robbery was done by someone else. Officers arrested Johnson, who pled guilty to robbery. At trial, the defendant admitted taking the money from the victim, but claimed that she was cooperating with the plan and that he did not threaten her.

We find that the evidence presented, viewed in the light most favorable to the verdict, was sufficient for a jury to find beyond a reasonable doubt that Thompson threatened the victim and was guilty of robbery. See *Foster v. State*, 203 Ga. App. 328, 330 (416 SE2d 855) (1992) (it is the jury's role to determine the credibility of the witnesses and resolve conflicts in the evidence).

2. Thompson complains that the trial court erred when it "implied" during its instructions that the jury must reach a unanimous verdict on the greater offense before deliberating on the lesser offense, although Thompson does not point to anywhere in the charge where the jury was so instructed. Even so, Thompson argues that the instruction given was improper under *Cantrell v. State*, 266 Ga. 700 (469 SE2d 660) (1996). In *Cantrell,* the jury initially found the defendant guilty of a lesser included offense, but the trial court refused to accept the jury's verdict until it reached a unanimous verdict on the greater offense. Id. at 701. After being ordered to resume deliberations, the jury ultimately found the defendant guilty of the greater offense. Id. The Supreme Court of Georgia held that the jury's verdict on the lesser included offense was, in fact, an acquittal of the greater offense, and that the trial court erred in requiring the jury to resume deliberations on the greater offense. Id. at 701. The Supreme Court also held, however, that it had "no quarrel" with an instruction that "a jury should not consider a lesser offense unless the defendant be found not guilty of the greater offense," as long as

the trial court "does not insist upon unanimity and is willing to accept a verdict on the lesser offense." Id. at 702, n. 2.

In this case, the trial court instructed the jury regarding the offense of robbery, as well as the lesser included offense of theft by taking, OCGA § 16-8-2. The court charged the jury that it "may consider if you do not find this defendant has committed the offense of robbery, whether or not he may have committed the offense of theft by taking which could be . . . a lesser included offense." The court also gave the pattern charge on this issue, charging that "if you do not believe beyond a reasonable doubt that the defendant is guilty of robbery, but do believe beyond a reasonable doubt that the defendant is guilty of theft by taking . . . then you would be authorized to find the defendant guilty of that theft by taking."[1] This pattern charge has been expressly approved by this Court in *Parks v. State*[2] and *Kunselman v. State*.[3] In this case, the trial court did not require the jury to consider the offenses in any particular order and did not indicate that it would reject a verdict on the theft by taking charge unless and until there was a unanimous acquittal on the robbery charge. Accordingly, reading the jury instructions in this case as a whole, we find no error. See *Marshall v. State*, 197 Ga. App. 762, 763 (2) (399 SE2d 555) (1990) ("It is a fundamental rule in Georgia that jury instructions must be read and considered as a whole in determining whether the charge contained error.") (citations and punctuation omitted).

*Judgment affirmed. Blackburn, P. J., and Phipps, J., concur.*

DECIDED AUGUST 7, 2003.

*William J. Mason*, for appellant.

*J. Gray Conger, District Attorney, Alonza Whitaker, Assistant District Attorney*, for appellee.

---

[1] Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, p. 44 (3rd ed. 2003).

[2] 241 Ga. App. 381, 384 (5) (526 SE2d 893) (1999) (finding the charge given to be similar to the pattern charge and, therefore, acceptable because it incorporated the reasonable doubt standard).

[3] 232 Ga. App. 323, 324 (1), n. 3 (501 SE2d 834) (1998). This Court disapproved of the trial court's charge that, " 'if you find the defendant not guilty of burglary, you would then and only then be authorized to consider the lesser included offense of criminal trespass,' " finding it implied that the jury must unanimously acquit the defendant of burglary before it could consider the lesser offense. Id. at 324 (1).