## A06A2145. JORDAN v. THE STATE.
### (640 SE2d 672)

MIKELL, Judge.

On appeal from his conviction for robbery by intimidation, William Jordan argues that the evidence was insufficient and that the trial court erred when it admitted testimony concerning a statement overheard from a woman fleeing the scene. We find no error and affirm.

Viewed in the light most favorable to the jury's verdict, the record shows that a taxi driver was exiting the elevator of a motel where he had dropped off a fare when Jordan pulled him back inside and put a gun in his back. When the two exited on an upper floor, Jordan told the victim that he had "better walk fast or else I blow your head off." Jordan then forced the victim into a room, where his co-defendant Donald Earl Richards demanded money, pulled the victim's wallet from his pocket, and punched him in the chest, knocking him to the floor.[1] Jordan then pointed his gun at the victim, ordered him to get up, and told him, "You better run and don't look back." When the police arrived, they found that the room had been rented to Jordan, and also discovered his fingerprints there.

The jury found Jordan guilty of one count of aggravated assault and three counts of robbery by intimidation. After merging these counts, the trial court convicted Jordan of one count of robbery by intimidation with a gun. Jordan's motion for new trial was denied.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence.[2] We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.[3]

1. The victim in this case testified that Jordan held a gun to his back and forced him into a room where Jordan and Richards beat and robbed him. The victim also identified Jordan in a photo lineup. Jordan himself admitted to police that he had been in the motel room

---

[1] We affirmed Richards' conviction in *Richards v. State*, 276 Ga. App. 384 (623 SE2d 222) (2005).

[2] *Williams v. State*, 261 Ga. App. 793, 794 (1) (584 SE2d 64) (2003).

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

with the victim, and his fingerprints were found there. The evidence was sufficient to find Jordan guilty of robbery by intimidation.[4]

2. At trial, the state asked a witness what she heard a woman say as the latter fled the crime scene. Jordan objected on the ground that the question called for speculation. The trial court overruled the objection, and the witness testified that she saw the woman run out of the motel and heard her exclaim: "Oh, my God. [Co-defendant Richards] is robbing my trick. They're killing him." As he did for the first time in his motion for new trial, Jordan now argues that the Confrontation Clause of the Sixth Amendment barred the admission of this testimony. Constitutional objections must be specifically asserted before the entry of a verdict in order to be preserved for appeal, however.[5] Because Jordan failed to raise this or any other constitutional objection to this testimony at trial, he has waived all such objections on appeal.[6]

The trial court did not err when it denied Jordan's motion for new trial.

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED DECEMBER 15, 2006.

*Romin V. Alavi*, for appellant.
*Patrick H. Head, District Attorney, Dana J. Norman, Assistant District Attorney*, for appellee.

---

[4] See OCGA § 16-8-40 (a) (2); *Thompson v. State*, 262 Ga. App. 666, 667 (1) (586 SE2d 367) (2003).

[5] *Lewis v. State*, 279 Ga. 69, 70 (2) (608 SE2d 602) (2005) (constitutional objections not made at trial are waived on appeal even when raised in a motion for new trial).

[6] *Estes v. State*, 279 Ga. App. 394, 396-397 (3) (631 SE2d 438) (2006); *Walton v. State*, 278 Ga. 432, 434 (1) (603 SE2d 263) (2004).