A07A1540. FRANKLIN v. THE STATE.
(648 SE2d 746)

ANDREWS, Presiding Judge.

Sandra Franklin appeals from the trial court's order revoking four years of her probation on the basis that she committed the new felony offense of robbery. She claims there was insufficient evidence

to support a finding that she committed the offense of robbery, and that the State violated her due process rights by failing to collect and preserve exculpatory evidence.

1. The revocation petition charged that, while Franklin was serving the probated portion of a sentence on a prior felony offense, she violated her probation when she committed the new offense of robbery in Clarke County on September 17, 2006. At the hearing on the revocation petition, the State produced evidence that, on the date alleged, two police officers were on patrol in Clarke County in the City of Athens at about 2:00 a.m. when they saw Franklin standing on a street corner in front of a man who appeared to be unsteady on his feet and extremely intoxicated. Because of prior incidents involving robbery of intoxicated victims, the officers were on the lookout for incidents of that nature. The officers observed that the man was leaning back against a trash container and that Franklin was reaching around the man's waist and "patting his pockets and running her hands in his pockets." One officer said that she "saw [Franklin's] hand in his back pocket." When the officers approached and told Franklin to step back, Franklin blurted out, "I was trying to help him. I didn't rob anybody." When Franklin stepped back from the man, the officers saw a wallet on the ground near Franklin. The driver's license and credit cards in the wallet identified it as belonging to the intoxicated man. According to the officers, the man was so intoxicated at the time that, when Franklin moved away from him, he slumped down unconscious and unresponsive. The State presented no evidence that the intoxicated man resisted Franklin or was even aware of Franklin's presence. The man involved in the incident testified at the revocation hearing that he remembered drinking alcoholic beverages in several bars and becoming "very intoxicated," but that he had no memory of his encounter with Franklin. He testified that he did not know Franklin and that she did not have permission to remove or take his wallet.

Franklin argued at the hearing that the evidence produced by the State was insufficient to show that she committed the offense of robbery, as alleged in the revocation petition. Franklin contended that, even if there was circumstantial evidence that she took the man's wallet from his pocket, the evidence did not establish robbery because the man was so intoxicated that he was unaware his wallet had been taken until he was informed of what had occurred at a later time. Franklin also argued that the circumstantial evidence was insufficient to show that she committed the lesser included offense of theft by taking. After considering the evidence and arguments, the trial court found that the evidence showed Franklin committed the felony offense of robbery and revoked four years of her probation.

We agree with Franklin's contention that the evidence was insufficient to show the felony offense of robbery. As provided in OCGA § 16-8-40 (a),

[a] person commits the offense of robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another: (1) By use of force; (2) By intimidation, by the use of threat or coercion, or by placing such person in fear of immediate serious bodily injury to himself or to another; or (3) By sudden snatching.

Under the statute, an essential element of all three methods of committing robbery is some form of force — actual physical force in the first method, or in the second method, constructive force supplied by intimidation, etc., or in the third method, force limited to that necessary to suddenly snatch property from a victim who had no time to react before the taking was completed. Robert E. Cleary, Jr., Kurtz Criminal Offenses and Defenses in Ga., Robbery (Sec. (II) (E)) (2006 ed.).

In the present case, the evidence did not show robbery by sudden snatching. But even if the evidence could be construed to show that Franklin applied no other force than that necessary to quickly grab the man's wallet from his pocket, this method of robbery requires proof that the man was aware of the taking before it was completed. *King v. State*, 214 Ga. App. 311-312 (447 SE2d 645) (1994). The evidence shows that, because the man was extremely intoxicated, he was unaware of the taking until he was informed of what had happened after it was completed. Likewise, there was no evidence of constructive force supplied by intimidation, threat or other means, so there was no proof of this method of robbery. As to robbery by the use of actual force, we find that the record was devoid of evidence that Franklin used any actual force sufficient to prove this method of robbery.

Actual force [in this method] implies personal violence. If there is any injury done to the person, or if there is a struggle to retain possession of the property, before it is taken, it is the force [sufficient for this method of robbery]. Force, in the sense in which it is used in defining the offense of robbery [by this method], consists in personal violence or that degree of force that is necessary to remove articles so attached to the person or clothing as to create resistance, however slight.

(Citations and punctuation omitted.) *Henderson v. State*, 209 Ga. 72, 74 (70 SE2d 713) (1952). Here, the evidence showed that the man was

so intoxicated that he was unaware Franklin patted his pockets or reached into his pocket to take his wallet, and therefore the man provided no resistance to the taking. Under these circumstances, the actual force used by Franklin to pat the man's pockets and to reach in his pocket and take the wallet was not actual force sufficient to show robbery by the method set forth in OCGA § 16-8-40 (a) (1).[1] See *Hicks v. State*, 232 Ga. 393, 402-403 (207 SE2d 30) (1974) (no armed robbery because taking property from the victim occurred while the victim was asleep).

The trial court revoked four years of Franklin's probated sentence on the basis that a preponderance of the evidence showed that she committed the new felony offense of robbery, as alleged in the revocation petition. OCGA § 42-8-34.1 (b), (d); *Poole v. State*, 270 Ga. App. 432, 436 (606 SE2d 878) (2004); *Kitchens v. State*, 234 Ga. App. 785, 787 (508 SE2d 176) (1998). This was error because there was no evidence that Franklin committed the felony offense of robbery. Nevertheless, we find that a preponderance of the evidence shows that Franklin committed the lesser included offense of theft by taking as set forth in OCGA § 16-8-2. See *Thompson v. State*, 262 Ga. App. 666, 668 (586 SE2d 367) (2003). "Due process requires that a defendant be given written notice of the claimed violation of his probation prior to the revocation hearing." (Citation and punctuation omitted.) *Wolcott v. State*, 278 Ga. 664, 667 (604 SE2d 478) (2004). Due process requirements were satisfied if the notice in the revocation petition was sufficient to inform Franklin of the grounds upon which revocation was sought so that she could adequately prepare her defense. Id. We find that notice given to Franklin that she violated probation by committing robbery in connection with the facts at issue was sufficient notice that she violated probation by committing the lesser included offense of theft by taking based on the same facts. Under these circumstances, Franklin cannot reasonably contend that she was not aware of the grounds on which revocation was sought, or that her ability to prepare a defense was compromised. Accordingly, we vacate the trial court's revocation order based on the finding that Franklin committed the felony offense of robbery, and remand the case with direction that the trial court enter a new order on the revocation petition based on the finding that Franklin committed the offense of theft by taking.

---

[1] These circumstances are distinguished from those where a robber takes property without resistance from an unconscious or incapacitated victim who the robber has put into the helpless condition prior to the taking. In those cases, even though the victim is incapable of resisting when the property is taken, the actual force used by the robber prior to the taking to render the victim helpless is force essential to accomplish the subsequent taking and is sufficient to show the offense of robbery by use of force. *Young v. State*, 251 Ga. 153, 156-157 (303 SE2d 431) (1983).

2. Franklin contends that her due process rights were violated because the State failed to collect and preserve exculpatory evidence. The record shows that Franklin questioned the arresting officers as to why they did not take statements from witnesses at the scene of the arrest, and also questioned why the State did not present evidence, if it existed, from a camera surveillance system which she claims might have captured the events at issue on videotape. The only arguments made by Franklin in the trial court with respect to these issues went to the sufficiency of the State's evidence or the weight of the evidence given possible bias against Franklin on the part of the arresting officers. Because the due process issue Franklin raises on appeal was not raised in the trial court, this claim presents nothing for appellate review. *Wallace v. State*, 279 Ga. 26, 27 (608 SE2d 634) (2005).

*Judgment vacated and case remanded. Ellington and Adams, JJ., concur.*

DECIDED JULY 3, 2007.

*Benjamin R. Makin*, for appellant.

*Kenneth W. Mauldin, District Attorney, C. Rebecca Smith, Assistant District Attorney*, for appellee.